Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>　　　　　　　Plaintiff<br>　　v.<br><br>SERVE ALL, HELP ALL, INC.; and<br>JOHN DOE 1-10,<br>　　　　　　　Defendants. | CASE NO. 3:21-cv-05338-BHS<br><br>MOTION TO COMPEL |

PLEASE TAKE NOTICE that Plaintiff Nathen Barton (hereinafter referred to as "Plaintiff") moves the Court to compel the Defendant to produce requested interrogatory responses and documents, and a complete and accurate FRCP 26(a)(1) initial disclosure.

## I.   INTRODUCTION

The bedrock of this case is about three illegal 'robocalls', a detail that will be very important later in this motion.

On May 7, 2021, Plaintiff filed an action captioned Nathen Barton v. Serve All, Help All, Inc. ("SAHA"). et al, in the United States District Court, Western District of Washington with cause number 3:21-cv-05338-BHS.

1   Defense Counsel Donna Gibson ("Gibson") appeared for SAHA on June 30, 2021, and
2   directed all parties to "Please send all further notices, pleadings, except for original process to
3   Donna Gibson, Law Office of Donna Beasley Gibson, 1204 Cleveland Ave., Mount Vernon, WA
4   98273"

5   The 26(f) conference for this case was scheduled and took place on July 23, 2021.

6   During that 26(f) conference, Plaintiff brought up the subject of email of motions and
7   documents and discovery by email instead of regular mail, and both parties agreed.

8   Plaintiff told Gibson three discovery documents were already on the way in the United
9   States Postal System, but in the future, Plaintiff would email as discussed.

10  **Interrogatories, Requests for Production, Requests for Admission Sent**

11  On that day, July 23, 2021, Plaintiff mailed interrogatory questions, and requests for
12  documents and admissions to that address via USPS first class mail with tracking number
13  94001111108296531530656.

14  The United States Post Office reported delivery of the package on July 26, 2021.

15  The morning of August 30, 2021, Plaintiff had not received any response or objection to
16  any discovery request.

17  Late morning on August 30, 2021, Plaintiff called Gibson to inquire about the discovery
18  documents sent on July 30, 2021.

19  Plaintiff reached Gibson and she professed to never have received the package.

20  Plaintiff reviewed the shipping address and tracking information, and do believe the
21  discovery request was property mailed, and delivered by the post office.

22  **The Admissions Issue is already before the Court**

23  On 8/30/2021, Plaintiff filed a motion (Dkt. 16) to deem the untimely Admissions,
24  admitted, along with a supporting declaration (Dkt. 17).

1     Gibson responded (Dkt. 24) asking the Court to make 30 days from August 30 the due

2 date for said discovery requests (Dkt. 24, page 3, lines 13-15):

3 > "Therefore, the court should deem August 30, the date that the requests were emailed, per prior agreement, as the date of service and allow the defendants 30 days from that date to respond so that the matter may proceed on its merits."

**Even using Gibson's timeline, the Interrogatory and Production responses are past due**

    Today, 9/30/2021 is 31 days from Gibson's own requested deadline of August 30, and the documents and interrogatory requests have not been delivered.

    On 9/29/2021, Plaintiff reached out to Gibson to inquire if the discovery answers would be delivered by the due date, and Gibson responded that because <COVID> the answers and documents would not be forthcoming on the due date.

    These <COVID> reasons apparently do not allow a singled answered interrogatory of the six asked, or a single document to be turned over in response to nine different requests.

**Incomplete or wrong information in the Initial Disclosure**

    Mentioned earlier, the bedrock of this case is three illegal robocalls. SAHA's FRCP 26(a)(1) initial disclosure said:

> "The documents regarding the phone system which is an auto dialer, and its programs and protocol are on the server located at
> CFB Tel
> 3151 Airway Ave #B2
> Costa Mesa, CA 92626
> (949) 381-2525"

    Plaintiff requested a subpoena from this Court for these documents and the associated phone records, and reached out to the CEO of CFB Tel, a Mr. Mak Siram ("Siyami") about obtaining the records.

    Siyami reported:

"I would not waste more time with our subpoena, We checked our records and there is no trace of this client name [Serve All, Help All, Inc] . . . in our system"

Given that this company hasn't any dealings with SAHA, something else Siyami wrote also makes sense. In response to the question:

"Did someone from Serve All, Help All, Inc reach out to you months ago letting you know to preserve all call records related to Serve All, Help All, Inc and calls to 360 910 1019?"

Siyami replied "We have not received any notifications from anyone about this number or client."

SAHA's initial disclosure appears to be either false – no relevant records are at CFB Tel and this was a wild goose chase – or incomplete, as in the records are there but under some undisclosed entity name.

As these robocalls are the backbone of the litigation, obtaining these records is very important.

## II.   MOTION

Plaintiff believes that based on information turned over to date, additional parties should be joined to this litigation. The delayed and inaccurate responses are an effort to get past the Court ordered October 4 deadline to join additional parties before turning over information that would give Plaintiff a solid foundation to move for additional parties be joined.

Plaintiff asks this court to compel SAHA to answer the asked interrogatories and turn over the requested documents within 15 days.

Plaintiff asks this Court to extend the October 4 deadline for adding additional parties by 60 days.

Plaintiff asks this Court to compel SAHA to disclose the following information about the "documents regarding the phone system which is an auto dialer":

a) The correct name of the entity or entities that owned the "auto dialer" equipment and placed the calls at issue in this litigation.

b) The entity name on whose behalf the calls in a) were placed, such that entities in a) can be given a narrowly focused subpoena request for the documents and phone records needed in this litigation.

```
    s/ Nathen Barton                              9/30/2021
       (signed)                                    (Dated)
```

Nathen Barton
(718) 710 5784
4618 NW 11th Cir
Camas WA 98607

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the Electronic Filing (CM/ECF) system, which will send notification of such filing to all counsel of record and all pro se parties registered to use the CM/ECF system.

```
    s/ Nathen Barton                              9/30/2021
      Nathen Barton                                (Dated)
```

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>                           Plaintiff<br>        v.<br><br>SERVE ALL, HELP ALL, INC.; and<br>JOHN DOE 1-10,<br>                           Defendants. | CASE NO. 3:21-cv-05338-BHS<br><br>[PROPOSED] ORDER |

ORDER

THIS MATTER came before the Court on Plaintiff's MOTION TO COMPEL.  Having considered the matter, as well as the pleadings and records in the Court's file and the relevant legal authorities, the Court is full informed.  It is HEREBY ORDERED:

Within fifteen (15) days of entry of this order, Serve All, Help All, Inc. must produce all documents that are responsive to:

PLAINTIFF'S FIRST SET OF INTERROGATORIES
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Within fifteen (15) days of entry of this order, Serve All, Help All, Inc. must verify that it has disclosed the following in its FRCP 26(a)(1) initial disclosure:

a)  The correct name of the entity or entities that owned the "auto dialer" equipment and placed the calls at issue in this litigation.

b)  The entity name on whose behalf the calls in a) were placed, such that entities in a) can be given a narrowly focused subpoena request for the documents and phone records needed in this litigation.

The deadline for motions to join parties is extended 60 days from the date this Order is granted.

Dated this _____ day of _____, 2021.

_____
Judge of District Court
Clark County, Washington

APPROVED AS TO FORM

\_\_\_s/ Nathen Barton_____
Nathen Barton, Pro Se