Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Nathen Barton,<br><br>　　　　　　　Plaintiff<br>　　v.<br>Serve All, Help All, Inc.<br>　　and<br>John Doe 1-10<br><br>　　　　　　　Defendant(s). | Case No.: 3:21-CV-05338-BHS<br><br>MOTION TO STRIKE<br>AFFIRMATIVE DEFENSES<br><br>NOTE ON MOTION CALENDAR:<br>JAN 7, 2021 |

　　　　PLEASE TAKE NOTICE that Plaintiff Nathen Barton ( "Barton") moves the Court to strike Affirmative Defenses of defendant Serve All, Help All, Inc.

**I.     INTRODUCTION**

　　　　On May 7, 2021, Plaintiff filed an action captioned Nathen Barton v. Serve All, Help All, Inc. ("SAHA"). et al, in the United States District Court, Western District of Washington with cause number 3:21-cv-05338-BHS.

　　　　SAHA filed their Answer (Dkt. 21) on September 8, 2021.

　　　　In their answer, SAHA raised a number of Affirmative Defenses:

1. Failure to state a claim upon which relief can be granted.

2. Plaintiffs claims are brought without substantial justification, and the claims are brought primarily for the purpose of harassment. Defendants seek an award of attorney fees. *Hall v. Cole*, 412 U.S. 1, 5 (1973).

3. Accord and satisfaction.

4. Assumption of risk.

5. Consent.

6. Contributory negligence.

7. Estoppel.

8. Failure of consideration.

9. Failure to mitigate.

10. Fraud.

11. Indemnity or contribution.

12. Unclean hands.

13. Waiver

14. Service of Process.

## II.   DISCUSSION

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08–cv–4854–PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

1    Following the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S.
2    544, (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), which announced a heightened pleading
3    standard for complaints, the courts in this district have generally applied the Twombly/Iqbal
4    pleading standard to affirmative defenses. See Perez v. Gordon & Wong Law Group, P.C., No.
5    11-cv-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012) (collecting cases).
6    "This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is
7    commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to
8    the claims asserted.'" Id. (quoting Barnes v. AT&T Pension Benefit Plan-Nonbargained
9    Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)).

## Insufficient Facts to be Plausible

11   Affirmative defenses must be supported by at least some facts indicating the grounds on
12   which the defense is based. *Rosen v. Marketing Grp. LLC*, 222 F.Supp.3d 793, 802 (C.D.Cal.
13   2016).
14   None of the Affirmative Defenses are supported by a single fact, and all should be
15   stricken.

## Improper Affirmative Defenses

17   "A defense which demonstrates that plaintiff has not met its burden of proof is not an
18   affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).
19   Rather, such a defense is "merely rebuttal against the evidence [to be] presented by the plaintiff"
20   and, consequently, when pleaded as an affirmative defense, is "redundant" and may be stricken
21   "so as to simplify and streamline the litigation." Barnes, 718 F. Supp. 2d at 1173–74.
22   Affirmative Defenses #1 (Failure to state a claim upon which relief can be granted) and
23   #2 (Plaintiffs claims are brought without substantial justification), are not actual defenses since it
24   simply embodies the contention that Barton will be unable to prove the elements of the claims

contained in the Complaint. *J & J Sports Prods v. Mendoza–Govan*, No. 10–cv-05123-WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case.").

### III.   CONCLUSION

SAHA has recited a boiler-plate list of Affirmative Defenses which most judges in the 9th Circuit have found to be short of the appropriate pleading standard.  For this reason alone, they should all be stricken from the Answer.

__/s Nathen Barton___                              ____12/16/2021_____
    Nathen Barton                                              Dated

Nathen Barton
(718) 710 5784
4618 NW 11th Cir
Camas WA 98607
FarmersBranch2014@gmail.com

### IV.   CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant.  The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

Executed on December 16, 2021.

/s/ Nathen Barton

Nathen Barton