Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| Nathen Barton, | CASE NO. 3:21-CV-05338-BHS |
|---|---|
| Plaintiff | SECOND AMENDED COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE RELIEF |
| v. | |
| Serve All, Help All, Inc. | Jury Trial: ☒ Yes  ☐ No |
| Defendant. | |

### I. THE PARTIES TO THIS COMPLAINT

Plaintiff Nathen Barton resides at 4618 NW 11th Cir, Camas WA 98607, inside the bounds of Clark County, Washington State.

Defendant Serve All, Help All, Inc ("SAHA") is a California company with principal address 1503 South Coast Center Drive Suite 100, Costa Mesa, CA, 92626.

### II. BASIS FOR JURISDICTION

Plaintiff Nathen Barton (hereinafter referred to as "Plaintiff") is a long-time resident of Clark County in Washington State. The text messages and phone calls received by Plaintiff were

received by Plaintiff at his primary residence in Clark County, Washington State, during the year 2021.

Jurisdiction in the Western District of Washington at Tacoma is correct because of where Plaintiff resides, a nexus where the acts occurred, and Plaintiff is suing in part under federal statute the Telephone Consumer Protection Act of 1991, known as the TCPA, giving rise to a lawsuit that may be brought in Federal Court pursuant to Mims v. Arrow Fin. Services, LLC.

Defendants were or should have been aware they were reaching into the Western area of Washington State by calling a 360-area code number.

Jurisdiction in California Central District Court at Santa Ana is also a correct venue because that is the district in which SAHA is located and does business.

### III.   STATEMENT OF CLAIM

On July 9, 2020, Plaintiff registered and paid for a Washington State (360) telephone area code cellular number to be primarily used by his minor child. It is a Protected Computer as it is used in a manner that affects interstate or foreign commerce or communication. The phone was on a very limited service plan, with each call, text, or data usage subtracting from a fixed amount of each available each month. The phone is and was only used for normal residential telephone purposes.

### Frequent Calls

Many of the callers where "robo" callers – using pre-recorded or artificially generated voices to invite the purchase of goods or services. One robo caller stood out – pitching foreclosure prevention services.

Failing to answer was no refuge – SAHA would leave voicemail messages.

SAHA has admitted to calling Plaintiff's (360) number at least 10 times between December 1, 2020, and February 14, 2021.

SAHA has admitted that all of the calls placed to Plaintiff's (360) phone number between December 1, 2020, and February 14, 2021, were generated with the same equipment, same software, and used the same pre-recorded or artificially generated voice and message.

**First Documented Robocall - February 15, 2021**

On or about 1:40PM, February 15, 2021, while in Clark County, Plaintiff answered the (360) phone from (844) 622-2243.  The entity placing the call used an automated dialing and announcing device, commonly known as a robocall.  The call was placed to his 360-area code number.  The start of the call was a recorded or artificially generated voice.

Plaintiff could tell it was a pre-recorded or artificially generated voice because it was purely an announcement and the voice could not be interrupted.  It was the same voice and message as previous, undocumented calls.

The voice on the call solicited services from the Nonprofit Alliance of Consumer Advocates ("NACA") to prevent real estate foreclosure.  Serve All, Help All, Inc., ("SAHA") a California corporation, is doing business as ("*dba*") Nonprofit Alliance of Consumer Advocates ("NACA") with website https://nacalaw.org/.

Eventually, Plaintiff reached a live person.  SAHA as admitted that in this phone call, the person speaking on behalf of SAHA did not identify him or herself and the company or organization on whose behalf the call was placed and the purpose of the call within the first sixty seconds of the telephone call.

SAHA has admitted that this phone call was initiated with an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227 (a)(1).

The call was disconnected during the solicitation, and the same person called back within about a minute to continue the solicitation. Eventually the call disconnected again.

Redialing (844) 622-2243, Plaintiff reaches a Spanish language answering message, so it appears the calling number was faked.

**SAHA Solicits Money**

SAHA does purport to be a non-profit entity but appears to be selling its own services and serves as a gateway to sell products from other entities.  Immediately after SAHA was able to complete their telephone sales pitch, Plaintiff received an email from ccotta@nacalaw.org (see attached "Exhibit A") in furtherance of the solicitation of SAHA services, and in the email, a Carlos Cotta solicited funds:

> Good afternoon Mr. Barton, Here is the list of documents we are going to need from you. Documents needed:
> .
> .
> .
> Credit Report Authorization Form (Fill out all 3 pages)
> .
> .
> .

The Credit Report Authorization Form with SAHA letterhead was attached to the email sent to Plaintiff in Exhibit A Page 1 of this form (see attached "Exhibit B") directly solicited payment in exchange for services.  Direct from SAHA's own email sent to Plaintiff, they immediately asked for a $29-$62 payment after completing their phone call sales pitch.  And this money appears to go directly to SAHA.  This is small potatoes compared to the next page.

On Exhibit A Page 2, Plaintiff "needed" to sign a document that stated:

> "I hereby authorize the Lender Broker to verify my past and present employment earnings records, bank accounts, stock holdings and other asset balances that are needed to process my mortgage loan application."

> "The information the Lender/Broker obtains is only to be used in the processing of my application for a mortgage loan."

Finally, on Exhibit A Page 3, Plaintiff "needed" to sign a document that stated:

I/We have applied for a mortgage loan from BAY VALLEY MORTGAGE GROUP.

I/We fully understand that it is a Federal crime punishable by fine or imprisonment or both, to knowingly make any false statements when applying for this mortgage"

The documents provided by SAHA make clear that the robocall and ensuing telephone conversation is all a sales pitch for a mortgage application, with SAHA directly pocketing money.

This matches up with a Yelp review at https://www.yelp.com/biz/nonprofit-alliance-of-consumer-advocates-costa-mesa

"They structured a loan to save my house that I couldn't afford. I was charged over $50,000 in closing costs with tens of thousands in fees going into their pockets from fees that no nonprofit organization can legally charge, but they did, and they didn't even try to hide it. They call themselves a Christian Non Profit organization. There is NOTHING Christian about this group of Godless people. It's the opposite. The Antichrist is doing great work here. Stay far away from these ruthless, thieving impersonators, they will not help you. They will lie to you like it's the most natural thing to do in the world. You will end up in a much worse situation, in twice as much debt and in the end, they will be the ones taking your home."

Naturally, the mortgage application would come with fees much greater than the $29-$62 initial fee demanded for a 'credit check'.  It seems that some unlucky souls are charged other fees, from another Yelp review at the above URL:

"I spent months working with this organization.  Your end game was that I need to pay an attorney $3900 for 'research and investigation' because you say my mortgage company never responded, which is erroneous.  . . .  You requested money."

SAHA has admitted that "when SAHA clients need services that SAHA does not provide, people who work for or volunteer with SAHA sometimes provide those needed services, and sometimes get paid for providing those needed services."

SAHA's primary business model is collecting fees and referring consumers to vendors for "required services", and then taking a portion of the payments from those vendors.

1    As examples, SAHA has admitted that "Carlos Cota has obtained real estate agent clients

2 for himself from people who used SAHA services."

3    SAHA has admitted that "Peter Nisson owns at least part of SAHA or works for or

4 volunteers with SAHA" and then further admitted that "Peter Nisson has earned money for himself

5 from people he didn't know before those people used SAHA services".

**More solicitations on Following Days**

7    Over the next few days, SAHA went on to telephone solicit plaintiff on his personal cell

8 phone with a 972-area code at 4:49PM on February 15, 2021, 1:18PM on February 17, 2021, and

9 4:30PM on February 17, 2021, and 5:43PM on February 17, 2021.

10    SAHA had admitted that in the phone call they initiated to Plaintiff at about 1:18PM

11 Pacific Standard Time on February 17, 2021, Barton said he did not want further phone calls

12 from SAHA.

13    SAHA has admitted to recording the conversation during six phone calls between Barton

14 and SAHA in which there was conversation.

15    The conversations SAHA recorded occurred on the phone calls of

16    1:40PM on February 15, 2021
     4:49PM on February 15, 2021
17    1:18PM on February 17, 2021
     4:30PM on February 17, 2021
18    5:43PM on February 17, 2021
     February 22, 2021

20    SAHA did not disclose SAHA was recording these conversations, did not ask Plaintiff for

21 permission to record these conversations, and thus could notPlaintiff did not consent to SAHA

22 recording these conversations.

23    By surreptitiously recording the private conversations, SAHA injured Plaintiff's person

24 and reputation.

SECOND AMENDED COMPLAINT FOR A CIVIL CASE - 6 / 14      NATHEN BARTON
CAUSE 3:21-CV-05338-BHS                                 4618 NW 11TH CIR
                                                        CAMAS WA 98607

### Two more Robocalls on Following Days

Over the next few days, SAHA went on to robocall solicit plaintiff twice more at the 360-area code number. One of the robocall solicitations was in between first documented robocall on February 15, 2021, and the last documented robocall on February 22, 2021.

The final documented robocall to the (360) area code number was on February 22, 2021, after which Plaintiff finally was able to speak to someone at SAHA who identified himself as a manager. This person professed to being unaware that robocalls are illegal under federal law without express written permission.

SAHA as admitted that in this February 22, 2021, phone call, the person speaking on behalf of SAHA did not identify him or herself and the company or organization on whose behalf the call was placed and the purpose of the call within the first sixty seconds of the telephone call.

SAHA admitted that they used an Automatic Dialing and Announcing Device as defined in Washington State RCW 80.36.400 to initiate the three "Robo" calls between February 15 and February 22, 2021.

### All of the Robocall Messages and Voices was Identical

In each of the three documented robocalls Plaintiff received from SAHA, the start of the call was an identical prerecorded or artificial voice message, the message and the voice who got on the line after did not identify him or herself, and the company behind the call, and the purpose of the call within the first 60 seconds of initiating the calls, in violation of Washington State Law.

Plaintiff received identical robocalls from SAHA previous to February 15, 2021. In those undocumented calls, the voice and script the voice narrated was identical to the prerecorded or artificial voice message of the documented calls.

1   Plaintiff's personal cell phone with the 972-area code has been registered on the National

2   Do Not Call List more than 31 days prior to February 15, 2021.

3   John Doe 1-10 are other people or legal entities that may share in liability for their

4   involvement in placing the calls or have such involvement in SAHA that they have personal

5   liability for the acts alleged in this complaint.

6   **NACA and SAHA are Annoying the Public**

7   Plaintiff is not in foreclosure, and the telephone calls placed by SAHA to Plaintiff and

8   Plaintiff's minor son were annoying and disturbed the peace and solitude of their home.

9   Plaintiff had no established business relationship with NACA or SAHA or any

10  foreclosure business and has not consented to receive any foreclosure-related telemarketing from

11  anyone.

12  **IV.    RELIEF**

13  SAHA violated Washington State, and Federal laws by using automated telephone

14  dialing devices and using prerecorded or artificial voices to engage in telephone solicitation of

15  Plaintiff's cell phone without consent.

16  **Federal Law Violations**

17  TCPA 47 U.S.C. 227(c)(5) states:

18  "A person who has received more than one telephone call within any 12-month period by
    or on behalf of the same entity in violation of the regulations prescribed under this
19  subsection may, if otherwise permitted by the laws or rules of court of a State bring in an
    appropriate court of that State."
20

21  TCPA regulations prohibit "telephone solicitation" calls to phone lines listed on the do-

22  not-call registry.  47 C.F.R. § 64.1200(c)(2).  Telephone solicitation is defined as "the initiation

23  of a telephone call or message for the purpose of encouraging the purchase or rental of, or

24  investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(14); 47 U.S.C. § 227(a)(4).

SECOND AMENDED COMPLAINT FOR A CIVIL CASE - 8 / 14             NATHEN BARTON
CAUSE 3:21-CV-05338-BHS                                        4618 NW 11TH CIR
                                                               CAMAS WA 98607

1  Plaintiff alleges and is supported by Exhibits A and B that SAHA placed the telephone solicitation calls to Plaintiff for the purposes of encouraging the purchase of foreclosure prevention services. To wit, Exhibit B is a form by which SAHA asked for between $29 and $62 and a mortgage loan application from Plaintiff, on SAHA letterhead.

SAHA violated 47 U.S.C. 227(c)(5) four times by calling Plaintiff's cellular telephone number without consent for the purposes of encouraging the purchase of mortgage foreclosure services.

TCPA 47 U.S.C. 227(b) states:

"It shall be unlawful for any person within the United States . . . (A) to make any call (other than a call made for emergency purposes or made with the express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . .".

There is no exception for charitable organizations. *Aranda v. Caribbean Cruise Line*, Inc., No. 12 C 4069, 2016 WL 1555576, at *6 (N.D. Ill. Apr. 18, 2016) ("even non-telemarketing, informational calls, such as those by or on behalf of tax-exempt non-profit organizations . . . require either written or oral consent if made to wireless consumers"). *Zean v. Fairview Health Servs.*, 858 F.3d 520, 523 (8th Cir. 2017) (nonprofit organization may not ""[i]nitiate ... any telephone call that ... constitutes telemarketing ... to any [cellular telephone number] other than a call made with ... the prior express consent of the called party.") (quoting 47 C.F.R. § 64.1200(a)(2)).

SAHA violated 47 U.S.C. 227(b) many times by calling Plaintiff's cellular telephone number many times without consent, while using an artificial or prerecorded voice.

TCPA 47 U.S.C. 227(c)(5) states:

"A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State."

TCPA regulations prohibit "telephone solicitation" calls to phone lines listed on the do-not-call registry. 47 C.F.R. § 64.1200(c)(2). Telephone solicitation is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(14); 47 U.S.C. § 227(a)(4).

Plaintiff alleges and is supported by Exhibits A and B that SAHA placed the telephone solicitation calls to Plaintiff for the purposes of encouraging the purchase of foreclosure prevention services. To wit, Exhibit B is a form by which SAHA asked for between $29 and $62 and a mortgage loan application from Plaintiff, on SAHA letterhead.

SAHA violated 47 U.S.C. 227(c) many times by calling Plaintiff's cellular telephone number without consent while his cell phone number was registered on the FTC do-not-call list.

**Washington State Law Violations**

**RCW 80.36.390**

Washington State RCW 80.36.390(2) states:

"A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call."

SAHA violated Washington State RCW 80.36.390(2) many times by calling Plaintiff's cellular telephone number without consent, and not identifying "him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call".

**RCW 80.36.400**

Washington State RCW 80.36.400(2) states:

> "No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state."

SAHA violated Washington State RCW 80.36.400(2) many times by calling Plaintiff's cellular telephone number without consent, while using an automatic dialing and announcing device for commercial solicitation.

RCW 80.36.400 defines "Commercial solicitation means the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services." There is no exception for charitable organizations who hawk goods and services via unsolicited telephone conversations.

## RCW 19.158

SAHA and their agents were not registered as Commercial Telephone Solicitors with the Washington State Department of Licensing when any of the solicitation calls were placed to Plaintiff, in violation of RCW 19.158.050(1).

Defendants violated Washington State RCW 19.158.150 seven (7) times by soliciting Plaintiff on his cell phone while they were not registered on with the Washington State Department of Licensing as Commercial Telephone Solicitors, or while working on behalf of an unregistered Commercial Telephone Solicitor.

Washington State RCW 19.158.110(1) says:

> Within the first minute of the telephone call, a commercial telephone solicitor or salesperson shall:
>
> (a)    Identify himself or herself, the company on whose behalf the solicitation is being made, the property, goods, or services being sold;

SAHA violated Washington State RCW 19.158.110(a) three (3) times by calling Plaintiff's cellular telephone number three (3) times without consent, and not identifying

"himself or herself, the company on whose behalf the solicitation is being made, the property, goods, or services being sold" in the first sixty second of the calls.

### RCW 9.73.040

Washington State RCW 9.73.040 says

(1) Except as otherwise provided in this chapter, it shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any:

(a) Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication;

SAHA recorded six conversations with Plaintiff without first obtaining Plaintiff's consent.

Washington State RCW 9.73.040 says

"Any person who, directly . . . violates the provisions of this chapter shall be subject to legal action for damages, to be brought by any other person claiming that a violation of this statute has injured . . . his or her person . . . or his or her reputation . . . A person so injured shall be entitled to . . . liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars, and a reasonable attorney's fee and other costs of litigation."

### Treble Damages

Plaintiff believes the record shows that SAHA violations of the law were willful or knowing.

On information and belief, SAHA just calls whatever poor souls they think might be in mortgage foreclosure, and in their desperate hour, offer them services that come with a high price tag. And they clearly do not care about robocall laws or FTC *do-not-call* lists. Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c)(5), and the presumption that

SECOND AMENDED COMPLAINT FOR A CIVIL CASE - 12 / 14
CAUSE 3:21-CV-05338-BHS

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

violations of Washington State RCW 19.158 and RCW 80.36.400 triple damages under the Washington State Unfair Business Practices Act.

### Injunctive Relief

TCPA 47 U.S.C. 227(b)(3)(A) and 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation".

Washington State RCW 80.36.390(6) says:

> A person aggrieved by repeated violations of this section may bring a civil action in superior court to enjoin future violations, to recover damages, or both.

Plaintiff is not unique – he simply had the misfortune to be targeted by Defendants' mass calling machine. It is reasonable to believe that Defendants have done this many times in the past and will continue harming the residents of this State and other States in the future. Defendants are under the mistaken impression that the First Amendment allows them to reach into telephone subscriber's homes and ring cell phones with robocalls without consent to gain business for themselves.

Plaintiff asks this Court to enjoin the Defendants from further violations of State and Federal telemarketing laws.

### All Possible Damages

Plaintiff prays for all possible damages of not less than $9,000 in law and in equity, statutory, real, and punitive, that he might entitled too.

Plaintiff asks for other awards, examples being but are not limited to, court costs, pre-judgement interest, and post-judgement interest.

### Certification and Closing

I hereby certify that on February 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a

SECOND AMENDED COMPLAINT FOR A CIVIL CASE - 13 / 14  
CAUSE 3:21-CV-05338-BHS

NATHEN BARTON  
4618 NW 11TH CIR  
CAMAS WA 98607

Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant.  The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

        Executed on February 8, 2022.

        <u>/s/ Nathen Barton</u>

        Nathen Barton

2/17/2021

Gmail - New Client Intake Packet

 Gmail

**Exhibit A - Page 1**

### New Client Intake Packet

N B <farmersbranch2014@gmail.com>

**Carlos Cotta** <ccotta@nacalaw.org>  Wed, Feb 17, 2021 at 1:08 PM
To: "farmersbranch2014@gmail.com" <farmersbranch2014@gmail.com>
Cc: Ricardo Porcayo <rporcayo@nacalaw.org>

Good afternoon Mr. Barton. Here is the list of documents we are going to need from you.
Documents needed:

- Most recent mortgage statement from your lender
- 1 month of pay stubs/most recent pension statement/2020 social security awards letter
- 3 months of bank statements (all pages)
- 2018 and 2019 tax returns w/ W'2s
- 1 recent utility bill (gas, electric or water)
- Hardship Letter (explaining what caused you to fall behind)
- Sign all pages on the Free Services Agreement that needs your signature after page 8
- Credit Report Authorization Form (fill out all 3 pages)
- RMA Form (please fill out pages and sign pages 5 & 6)
- 4506-T Form (please fill out, sign and date)
- Emergency Covid-19 Forbearance Form
- Missing Document Acknowledgement Form (sign and date) just in case you are missing any documents please sign it, so it can be ok to submit your file without this (these) documents.

*Respectfully,*

*Carlos M. Cotta*

**Address:** 1503 South Coast Dr. Suite 100
Costa Mesa, CA 92626
**DRE Lic:** *02082207*
*CA Real Estate Agent/Volunteer Advocate*

**Direct:** *949.430.0475*
**Office:** *877.243.4632*

**Fax:** *949.502.0819*
www.nacalaw.org



**Exhibit A - Page 2**

NOTICE OF CONFIDENTIALITY : This Email message and its attachments (if any) are intended solely for the use of the addressees hereof. In addition, this message and the attachments (if any) may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify us and immediately delete this message from your system.

**5 attachments**

- **4506-T Form (1).pdf**
  95K
- **Credit Report Authorization Form (1).pdf**
  646K
- **Emergency Covid-19 Forbearance Request.pdf**
  276K
- **Missing Documents Acknowledgement Form.pdf**
  208K
- **Mortgage_Assistance_Application_Bank-of-America (1).pdf**
  1012K

# Exhibit B - Page 1



**NONPROFIT ALLIANCE**

## CREDIT CARD and CREDIT REPORT AUTHORIZATION FORM

*PLEASE PRINT OUT AND COMPLETE THIS AUTHORIZATION FORM AND RETURN IT TO OUR OFFICE. (SIGN BELOW)*

☐ CARD HOLDER AND APPLICANT ARE NOT THE SAME.

"I _____ hereby Authorize Vision One and or any of its Affiliates my expressed authorization to run a credit report.

**NAME:** _____

**CARDHOLDER NAME:** _____

**ADDRESS:** _____

**Card type:**

☐ VISA    ☐ MasterCard

**CREDIT CARD NUMBER** ☐☐☐☐

**EXPIRATION DATE:** ☐ ☐

**BILLING ZIP CODE:** ☐

**CARD IDENTIFICATION NUMBER:** ☐ (last 3 digits)

Credit Pull:  $29.00 (Single) AMOUNT CHARGED: 0   $ ____

(Married Couples Only) $50.00 (Double) AMOUNT CHARGED: 0   $ ____

Rapid Response add $12.00 per Person: 0   $ ____

OTHER _____   $ ____

TOTAL:   $ ____

**SIGNATURE:** _____

# Borrower Signature Authorization

**Privacy Act Notice:** This information is to be used by the agency collecting it or its assignees in determining whether you qualify as a prospective mortgagor under its program. It will not be disclosed outside the agency except as required and permitted by law. You do not have to provide this information, but if you do not your application for approval as a prospective mortgagor or borrower may be delayed or rejected. The information requested in this form is authorized by Title 38, USC, Chapter 37 (if VA); by 12 USC, Section 1701 et. seq. (if HUD/FHA); by 42 USC, Section 1452b (if HUD/CPD); and Title 42 USC, 1471 et. seq., or 7 USC, 1921 et. seq. (if USDA/FmHA).

## Part I - General Information

| 1. Borrower(s) | 2. Name and address of Lender/Broker |
|---|---|
|  | Faith First Bancorp Inc<br>1503 South Coast Drive, Suite 100<br>Costa Mesa, California 92626<br>Tel: 949-416-0158 Fax: 949-269-2079 |

| 3. Date | 4. Loan Number |
|---|---|
|  |  |

## Part II - Borrower Authorization

I hereby authorize the Lender/Broker to verify my past and present employment earnings records, bank accounts, stock holdings, and any other asset balances that are needed to process my mortgage loan application. I further authorize the Lender/Broker to order a consumer credit report and verify other credit information, including past and present mortgage and landlord references. It is understood that a copy of this form will also serve as authorization.

The information the Lender/Broker obtains is only to be used in the processing of my application for a mortgage loan.

_____    _____
Borrower                                                    Date

_____    _____
Borrower                                                    Date

CALYX Form Bsa.hp 10/98

## Borrower's Certification & Authorization

### Certification

The undersigned certify the following:

1. I/We have applied for a mortgage loan from BAY VALLEY MORTGAGE GROUP.

   In applying for the loan.

   I/We completed a loan application containing various information on the purposes of the loan, the amount and source of the down payment, employment and income information, and assets and liabilities. I/We certify that all of the information is true and complete. I/We made no misrepresentations in the loan application with the employer and/or other documents, nor did I/We omit any pertinent information.

2. I/We understand and agree that BAY VALLEY MORTGAGE GROUP reserves the right to change the mortgage loan review process to a full documentation program. This may include verifying the information provided on the application with the employer and/or the financial institution.

3. I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements when applying for this mortgage, as applicable under the provisions of Title 18, United States Code, Section 1014.

### Authorization to Release Information

To Whom It May Concern:

1. I/We have applied for a mortgage loan from BAY VALLEY MORTGAGE GROUP.

   As part of the application process, BAY VALLEY MORTGAGE GROUP may verify information contained in my/our loan application and in other documents required in connection with the loan, either before the loan is closed or as part of its quality control program.

2. I/We understand and agree that BAY VALLEY MORTGAGE GROUP reserves the right to change the mortgage loan review process to a full documentation program. This may include verifying the information provided on the application with the employer and/or the financial institution.

3. BAY VALLEY MORTGAGE GROUP or any investor that purchases the mortgage may address this authorization to any party names in the loan application.

4. A copy of this authorization may be accepted as an original.

5. Your prompt reply to BAY VALLEY MORTGAGE GROUP or the investor that purchased the mortgage is appreciated.

_____ Date           _____ Date

Social Security Number:                 Social Security Number:

Borrower's Certification & Authorization 07/2011 ~ Encompass360®