Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Nathen Barton,

                         Plaintiff

      v.

Serve All, Help All, Inc.

    and

John Doe 1-10

                    Defendant(s).

Case No.: 3:21-CV-05338-BHS

MOTION TO STRIKE
COUNTERCLAIM

NOTE ON MOTION CALENDAR:
APRIL 1, 2022

PLEASE TAKE NOTICE that Plaintiff Nathen Barton ( "Plaintiff") moves the Court to strike the counterclaim (Dkt. 46) of defendant Serve All, Help All, Inc. ("SAHA").

## I.      INTRODUCTION

On May 7, 2021, Plaintiff filed an action captioned Nathen Barton v. Serve All, Help All, Inc. ("SAHA"). et al, in the United States District Court, Western District of Washington with cause number 3:21-cv-05338-BHS.

On July 28, 2021, Plaintiff and SAHA submitted their Joint Status Report and Proposed Scheduling Order Pursuant to Rule 26(f) in Dkt. 11.

On September 3, 2021, this Court entered a Scheduling Order (Dkt. 18) setting pre-trail dates.  Most notably, the Order set the following relevant dates:

MOTION TO STRIKE AFFIRMATIVE DEFENSES      - 1 / 13      NATHEN BARTON
CASE 3:21-CV-05338-BHS      4618 NW 11ᵀᴴ CIR
CAMAS WA 98607

Deadline for amending pleadings . . . . . . . . . . . . . . . . . . . . October 14, 2021
All motions related to discovery must be filed by . . . . . . . . April 4, 2022
Discovery completed by . . . . . . . . . . . . . . . . . . . . . . . . . . . May 2, 2022
All dispositive motions must be filed by . . . . . . . . . . . . . . June 1, 2022

If either party thought these dates were mere guidelines, the Scheduling Order noticed all parties: "These are firm dates that can be changed only by order of the Court" *Id* at 2:3.

SAHA filed their Original Answer (Dkt. 21) on September 8, 2021, asserting <u>affirmative defenses of Unclean Hands and Fraud</u>, without filing a counter-claim.  *Id* at 3:13, 3:15.

Then on February 24, 2022, just 39 days before all motions related to discovery must be filed, and just 67 days before the close of discovery, SAHA, without leave of the Court, greatly expands the scope of the case by filing a surprise Counterclaim for Fraud.  Dkt. 46 pages 8-14.

Further, <u>they continued their affirmative defenses of Fraud (*Id* at 7:1-3) and Unclean Hands (Id at 7:4-7)</u> and a new affirmative defense of Bad Faith (*Id* at 6:18-24)

Plaintiff uses "surprise" in the truest sense of the word, as <u>on July 23, 2021 Plaintiff propounded **INTERROGATORY #4** on SAHA</u> (shown below with their answer).

On <u>September 8, 2021</u>, SAHA filed their Answer to the First Amended Complaint and the Answer included affirmative defenses of Unclean Hands and Fraud.

***98*** days after INTERROGATORY #4 was propounded, on <u>October 29, 2021</u>, SAHA answered INTERROGATORY #4 with:

| | |
|---|---|
| 6 | **INTERROGATORY NO. 4:**          Set forth every fact supporting in whole or in part any |
| 7 | affirmative defense you intend to raise in this litigation. |
| 8 | **ANSWER:** |
| 9 | Discovery has just begun and Serve All, Help All Inc. has just begun its investigation and will supplement its response when appropriate information has been received. |
| 10 | |
| 11 | Plaintiff has correspondence from Plaintiff that is produced herewith stating his mission and admitting that he engaged defedants. |

1

2        The "correspondence" referenced in their answer is shown in its entirety in Exhibit A,

3    attached to this Motion.  This correspondence is dated February 17, 2021, 79 days before this

4    Action was filed in Court, and unrelated to the meat and potatoes of the allegations in their

5    Counterclaim Dkt. 46.

6        SAHA's answer to **INTERROGATORY #4** contained <u>none</u> of the relevant facts SAHA

7    alleges in Dkt. 46:

8        "SAHA is informed and believe and thereon allege that Counterdefendant NATHEN
         BARTON in or about February <u>opted into a marketing campaign</u> to receive
9        communication from an entity operated or represented by the Counterclaimants or <u>one of
         its affiliates</u>." Dkt 46, paragraph 3.1, emphasis added.

10       "SAHA and their affiliates retain information and regarding the IP address of individuals
11       that interact with its <u>websites</u>."  Dkt 46, paragraph 3.3, emphasis added.

12       "SAHA is informed and believe and thereon allege that Counterdefendant NATHEN
         BARTON provided a fake name when he provided his phone number on the <u>website</u>
13       when <u>opting in</u> to receive information."  Dkt 46, paragraph 3.4, emphasis added.

14       "BARTON <u>opted in</u>, gave <u>false information</u>, and then waited for contact."  Dkt 46,
15       paragraph 3.5, emphasis added.

16       As of Tuesday, March 15, 2022, *235 days* after Plaintiff asked SAHA to "Set forth every

17    fact supporting in whole or in part any affirmative defense you intend to raise in this litigation.",

18    SAHA has not supplemented **INTERROGATORY #4**.

19       In Dkt. 46, <u>for the first time</u> SAHA introduced claims based on an 'opt in' from an

20    (unknown) entity operated or represented by the Counterclaimants or one of its (unknown)

21    affiliates.

22       <u>SAHA brings these new allegations in a counterclaim and by the Court's order in Dkt.</u>

23    <u>18, all motions related to discovery must be filed by April 4, 2022, just 21 days from now.</u>

24

MOTION TO STRIKE AFFIRMATIVE DEFENSES        - 3 / 13        NATHEN BARTON
CASE 3:21-CV-05338-BHS                                      4618 NW 11TH CIR
                                                            CAMAS WA 98607

1    SAHA filed this counterclaim on 2/24/2022, just four days before their counsel Donna

2    Gibson's unavailability from 2/28/2022 – 3/15/2022, again dramatically shortening Plaintiff's

3    window of opportunity to serve discovery before the discovery completion date of May 2, 2022.

4        Given Ms. Gibson's unavailability, the earliest this very motion could be set for was

5    April 1, 2022.

6        Plaintiff is heavily prejudiced by SAHA's actions.

7                            **II.    DISCUSSION**

8        SAHA's counterclaim greatly changes the scope and theory of the case.  Initially

9    SAHA's defense was to admit the placed the phone calls, but to argue that their phone calls fell

10   into the "emergency exception" of the TCPA.

11       Now, for the first time, SAHA alleges that that Barton 'opted in' to a telemarketing

12   campaign through a website owned by SAHA or one of their affiliates.

13       SAHA claims to have relevant IP address information.

14       As of 3/15/2022 – just 49 days before the Court ordered Discovery Completion date of

15   5/2/2022, none of the facts behind these allegations have been disclosed to Plaintiff.

16                **Moderate Approach to the Surprise Counterclaim**

17       District Courts 9th circuit apply a moderate approach to as to whether a defendant may

18   assert a counterclaim as a matter of right when filing an answer to an amended complaint.  *Adobe*

19   *Systems Inc. v. Coffee Cup Partners, Inc.*[1], 2012 WL 387783 *5-6 (N.D. Cal. Sept. 6, 2012).

20       The moderate approach allows counterclaims without leave of court "only when the

21   amended complaint changes the theory or scope of the case, and then, the breadth of the changes

22

23

24   ---

[1] https://casetext.com/case/adobe-sys-inc-v-coffee-cup-partners-inc

in the amended response must reflect the breadth of the changes in the amended complaint."

*Bern Unlimited, Inc. v. Burton Corp.*[2], 25 F.Supp.3d 170 (D. Mass. 2014).

SAHA's counterclaims far exceed the changes in the Second Amended Complaint ("SAC", Dkt. 45).  Dkt. 45 added details learned from SAHA during discovery, including that SAHA had recorded at least two phone calls without consent.

The SAC did not change the scope of the case as none of the documented calls changed, no claims outside of phone calls were added, and the only claim added was based SAHA turning over phone call transcripts.

Nothing in the SAC required SAHA to conduct discovery with additional parties, or required SAHA to conduct discovery they would not normally have though to conduct.

SAHA's surprise counterclaim in Dkt. 46 involves allegations Plaintiff 'opted in' on an unknown website (*Id* at ¶3.4) with an unknown affiliate (*Id* at ¶3.1, ¶3.2), using an unknown IP address (*Id* at ¶3.3).

Because SAHA's counterclaim greatly expands the scope of litigation, SAHA should have obtained leave of the Court to file it.  *UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co*[3]., CV 16-27-BU-JCL, (D. Mont. May. 2, 2017), see e.g. *Sierra Development Co. v Chartwell Advisory Group, Ltd.*[4], 2016 WL 6828200 *2 (D. Nev. Nov. 18, 2016).; *Coppola v. Smith*[5], 2015 WL 2127965 *3 (E.D. Cal. May 5, 2015);

Because SAHA did not ask the court for leave to file an amended answer containing a counterclaim before the deadline in the scheduling order (October 14, 2021), SAHA should have

---

[2] https://casetext.com/case/bern-unlimited-inc-v-burton-corp-1

[3] https://casetext.com/case/udap-indus-inc-v-backpack

[4] https://casetext.com/case/sierra-dev-co-v-chartwell-advisory-grp-ltd-7

[5] https://casetext.com/case/coppola-v-smith-20

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

also moved the court to amend the scheduling order under FRCP rule 16(b).  *Coleman v. Quaker Oats Co.*[6], 232 F.3d 1271, 1294 (9 Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*[7], 975 F.2d 604, 607- 08 (9 Cir. 1992).

Rule 16(b) requires that a party show good cause for amending the scheduling order to allow the filing of an amended pleading. *Coleman*, 232 F.3d at 1294.

SAHA's Dkt. 46 came 133 days after the scheduling order deadline, and SAHA has not shown good cause for filing a counterclaim that greatly expanded the scope of the case.

### SAHA Fails the Due Diligence Standard

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment...." *Johnson*, 975 F.2d at 607. Good cause for modification exists if the deadlines in the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

Looking at SAHA's claims in Dkt. 46, there is nothing they didn't know or shouldn't have known between being served the lawsuit on June 6, 2021, and 94 days later when filed their Original Answer (Dkt. 21) on September 8, 2021.

In those 94 days, they could have or should have looked at the 'opt in' they claim occurred "from an entity operated or represented by the Counterclaimants or one of its affiliates" (Dkt 46, paragraph 3.1).

---

[6] https://casetext.com/case/coleman-v-the-quacker-oats-co

[7] https://casetext.com/case/johnson-v-mammoth-recreations-inc

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

"Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied. See *Svoboda v. Trane*[8], 495 F. Supp. 367 (E.D.Mo. 1979), aff'd,655 F.2d 898 (8th Cir. 1981); *Dow Corning Corp. v. General Electric Co.*[9],461 F. Supp. 519 (N.D.N.Y. 1978). Here, Jordan's attorneys have proffered no satisfactory reasons for failing to include the equal protection causes of action in the original complaint. On these facts, we find no abuse of discretion in the district court's denial of Jordan's motion to amend his complaint." *Jordan v. County of Los Angeles*[10], 669 F.2d 1311, 1324 (9th Cir. 1982)

They claim "SAHA and their affiliates retain information and regarding the IP address of individuals that interact with its websites" (*Id* at ¶3.3) and they allege "NATHEN BARTON provided a fake name when he provided his phone number on the website when opting in to receive information" (*Id* at ¶3.4) but *they waited 263 days after service of the lawsuit to make these allegations*.

*In the past 263 days they have not issued a subpoena or moved for a court order to gain information on this IP address at issue.*

*Plaintiff cannot subpoena or move for a court order to gain information on this IP address at issue because SAHA hasn't told him what the alleged IP address is, just 67 days before the close of discovery, and 235 days* after Plaintiff asked SAHA to "Set forth every fact supporting in whole or in part" (<u>INTERROGATORY #4</u>) the Fraud and Unclean Hands

---

[8] https://casetext.com/case/svoboda-v-trane-co

[9] https://scholar.google.com/scholar_case?case=6715339362844770594&hl=en&as_sdt=6&as_vis=1&oi=scholarr

[10] https://casetext.com/case/jordan-v-county-of-los-angeles-2

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

affirmative defense SAHA raised in their Original Answer (Dkt. 21) and in their Amended

Answer (Dkt. 46).

Plaintiff will point out again, SAHA answered <u>INTERROGATORY #4</u> on October 29,

2021, and never supplemented their answer, and now they flout the scheduling order.

### SAHA Fails the FRCP 15 Standards

In determining whether to grant leave to amend, the court considers the following factors:

(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and

(5) whether the plaintiff has previously amended the complaint. *U.S. v. Corinthian Colleges*[11],

655 F.3d 984, 995 (9 Cir. 2011).

### Prejudice to Plaintiff

Prejudice is "the touchstone of the inquiry" under Rule 15, and "it is the consideration of

prejudice to the opposing party that carries the greatest weight." *Eminence*, 316 F.3d at 1052.

Prejudice may result when a party seeks leave to amend late in the litigation, and the amended

pleading adds new claims based on different legal theories and requiring proof of different facts.

See e.g. *Jackson v. Bank of Hawaii*[12], 902 F.2d 1385, 1387-89 (9 Cir. 1990).

SAHA's dropping the fraud allegations in a counterclaim just 21 days before all motions

related to discovery must be filed (Dkt. 18, 1:18) , and just 49 days before discovery must be

complete (*Id* at ¶19) is highly prejudicial to Plaintiff.

### Bad Faith

SAHA either failed in their duty to properly answer INTERROGATORY #4,

demonstrating bad faith, or worse, even at this time they have no actual evidence of Barton's

---

[11] https://scholar.google.com/scholar_case?case=15585551631283605167

[12] https://casetext.com/case/jackson-v-bank-of-hawaii

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

wrongdoing that would stand up to scrutiny, so SAHA refused to answer INTERROGATORY #4 because they knew it would invite further discovery and their counterclaims would fall apart.

"Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early." *Mendia v. Garcia*[13], 165 F.Supp.3d 861, 873 (N.D. Cal. 2016) (citing *Bonin v. Calderon*[14], 59 F.3d 815, 846 (9 Cir. 1995).

**Undue Delay**

SAHA's failure to answer INTERROGATORY #4, and their failure to bring forth their counterclaim within the timeframe set forth by Dkt. 18, or bring a motion later showing good cause, and to act much earlier in the litigation, shows undue delay.

Under this factor, the court considers whether the party seeking leave to amend unduly delayed in filing its motion. *Jackson v. Bank of Hawaii*. In "deciding whether a party unduly delayed in raising a counterclaim, a court should first evaluate the time that has passed between the original pleading and the proposed amendment." *In re Circuit Breaker Litigation*[15], 175 F.R.D. 547, 550-51 (C.D. Cal. 1997). "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Roybal Ins. Co. of Am. v. Southwest Marine*[16], 194 F.3d 1009, 1016-17 (9 Cir. 2009). The relevant question is "whether the moving party knew or should have known of the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388.

---

[13] https://casetext.com/case/mendia-v-garcia-10

[14] https://casetext.com/case/bonin-v-calderon

[15] https://casetext.com/case/in-re-circuit-breaker-litigation-7

[16] https://caselaw.findlaw.com/us-9th-circuit/1161376.html

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

SAHA could or should have known by the time they answered INTERROGATORY #4 (*98* days after it was propounded and 145 days after they were served the lawsuit) if there were facts and theories supporting the allegations that Barton "opted in" on a website and there was IP address evidence.

**Futility of Amendment**

SAHA has made three related claims (Dkt. 46 at ¶3.1) "NATHEN BARTON in or about February opted into a marketing campaign" and "SAHA and their affiliates retain information and regarding the IP address of individuals that interact with its websites" (*Id* at ¶3.3) and "NATHEN BARTON provided a fake name when he provided his phone number on the website when opting in to receive information" (*Id* at ¶3.4)

Taken together SAHA is alleging they have the IP address from which Barton "opted-in" on a website in around February 2021.

SAHA has waited too long to act on this information.  Defense Counsel Donna Gibson ("Gibson") is well aware that Plaintiff's internet service provider during all times relevant to this litigation is Comcast.

Gibson is well aware that when Plaintiff attempted to receive subscriber information from Comcast for an IP address in a different case, *about eight months in the past* (key to understanding the Court's ruling).  Comcast wrote a letter back informing Plaintiff that Comcast only retains IP address information for subscribers *for six months*.

That letter from Comcast is attached as Exhibit B and Gibson is aware of this letter as she is opposing counsel in that case and that letter was submitted as part of a Motion for a Court Order to obtain the subscriber information, and that Court used the fact that Comcast only retains IP address information for subscribers for six months to deny the motion.

That Court ruled (in part):

An IP address serves to locate the place of a particular piece of electronic equipment so that electronic data may be sent to it. See London-Sire Recods, Inc. v. Doe 1, 542 F. Supp. 2d 153, 160 (D. Mass. 2008).

In his declaration is support of his motion, plaintiff attached exhibits of responses he received from Comcast in which Comcast informs plaintiff that it uses "dynamic IP addresses" and only keeps their information for 180 days. See Dkt. 55, at 4.

Dynamic IP addresses are IP addresses that may be reassigned periodically to different subscribers. See Call of the Wild Movie, LLC v. Does 1-1, 062, 770 F. Supp. 2d 332, 356 (D. D.C. 2011) ("[F]or dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time.").

Thus, the IP address identified by plaintiff might have been assigned to multiple individuals over the last six months and any response Comcast could provide would not contain information of who used the IP address in or before April 2021, the period he is alleged to have opted in.

Plaintiff has not shown how the information Comcast would be able to provide is relevant or proportional in light of the circumstances of this case. See Fed. R. Civ. P. 26(b)(1). Therefore, plaintiff's motion is denied without prejudice.

To summarize, Plaintiff was seeking information about the subscriber to a specific IP address eight months in the past, and Comcast only retains subscriber IP address records for the past six months, thus the Court simply pointed out, that information was simply lost.

Similarly, it appears that SAHA has waited too long to find the subscriber behind the alleged IP address in their records, and SAHA now has no path forward to learn the identity and location of the alleged subscriber who injured SAHA.

Not has SAHA issues any subpoenas or asked for any court orders to learn the subscriber information behind the IP address they claim injured them.  If they have put no effort into learning the subscriber behind the IP address they claim injured them at this late date, when where they planning to do so?

**Clearing the Air**

MOTION TO STRIKE AFFIRMATIVE DEFENSES            - 11 / 13            NATHEN BARTON
CASE 3:21-CV-05338-BHS                                                              4618 NW 11TH CIR
                                                                                   CAMAS WA 98607

1   The Court in Dkt. 43 chastised Plaintiff, and Plaintiff took that to heart.  Plaintiff

2 apologized to the Court (Dkt. 44), and apologized to Donna Gibson (Exhibit C).

3   Plaintiff would like the Court to know that Plaintiff and Gibson both contributed to the

4 communication breakdown (Exhibit C is several emails back and forth) and Gibson was gracious

5 in response to Plaintiff's apology and admitted fault as well.

6   Plaintiff's and Gibson's working relationship has improved significantly since this email

7 exchange.

8   Plaintiff does want to address an issue in Dkt. 43, 3:14-16:

9     "One could conclude that it is Barton who is seeking a tactical advantage by
      sending time-sensitive materials through the mail when he expressly agreed to do
10     so only through email."

11   This was never Plaintiff's intent.  Plaintiff had already put the discovery items into a bin

12 to go to the post office the day of, but before the 26(f) conference.

13   Later, at the 26(f) conference, Plaintiff and Gibson agreed that future items would be

14 emailed, but Plaintiff did inform Gibson during the 26(f) conference that he had <u>already</u> put

15 discovery requests out to go into the mail system.

16   Plaintiff accepts responsibility for the Court's general criticism, but does testify to the

17 Court he had <u>no intention</u> to gain a tactical advantage by sending time-sensitive materials

18 through the mail when he expressly agreed to do so only through email.

19   Plaintiff had no expectation that a properly addressed and postage paid package would

20 not be received.

21   Please see Plaintiff's associated Declaration with testimony of the same.  Plaintiff is still

22 learning the expectations of the Court but he is not dishonest.

23

24

MOTION TO STRIKE AFFIRMATIVE DEFENSES  - 12 / 13   NATHEN BARTON
CASE 3:21-CV-05338-BHS             4618 NW 11TH CIR
                                CAMAS WA 98607

### III.    CONCLUSION

SAHA has surprised Plaintiff and the Court with a Counterclaim that greatly expands the scope of the litigation on the eve of the close of discovery.  This is very prejudicial to Plaintiff, and SAHA knew or should have known of these counterclaims much earlier in the litigation.

SAHA was asked about the factual basis of these very claim in an Interrogatory, and they said nothing of these claims in their answer, nor have they supplemented their answer to this Interrogatory to this day.

Their counterclaims should be struck.

  /s Nathen Barton             ____3/15/2022_____
     Nathen Barton                              Dated

Nathen Barton
(469) 347 2139
4618 NW 11th Cir
Camas WA 98607
bluewind33@protonmail.com

### IV.    CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant.  The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

Executed on March 15, 2022.

/s/ Nathen Barton

Nathen Barton

 **Gmail**    <span style="font-size:2em">Exhibit A</span>    **DONNA GIBSON <donna@donnagibsonlaw.com>**

---

## Fwd: Fw: New Client Intake Packet
1 message

---

**Puru Amin** <puruamin@gmail.com>        Thu, Sep 16, 2021 at 1:56 PM
To: DONNA GIBSON <donna@donnagibsonlaw.com>

Here are two emails: one from NAV+CA to Barton
second from Barton to volunteer.

---------- Forwarded message ---------
From: **Carlos Cotta** <ccotta@nacalaw.org>
Date: Wed, Sep 15, 2021 at 5:11 PM
Subject: Fw: New Client Intake Packet
To: Puru Amin <puruamin@gmail.com>

Here is the email I sent to Kenneth Barton and his response

*Respectfully,*



**Carlos Cotta**
Volunteer Advocate

✉ ccotta@nacalaw.org
☎ (949) 430-0475
🖶 (949) 502-0819
📍 1503 South Coast Drive Suite 100
    Costa Mesa, CA 92626
🔗 nacalaw.org

    

NOTICE OF CONFIDENTIALITY: This email message and its attachments (if any) are intended solely for the use of the addressees hereof. In addition, this message and the attachments (if any) may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify us and immediately delete this message from your system.

---

**From:** Nathen Barton <farmersbranch2014@gmail.com>
**Sent:** Wednesday, February 17, 2021 5:13 PM
**To:** Carlos Cotta <ccotta@nacalaw.org>

**Cc:** Info Mail <info@nacalaw.org>
**Subject:** Re: New Client Intake Packet

# Exhibit A

Hi Folks,

I am sorry, I am not really interested in loan modification. A couple days ago I got an illegal robocall and I played along to see who it was and unfortunately it was you folks.

I have a mission, to get rid of robocalls. Just today I dropped by my courthouse to file these. You can see they are all different defendants.

If you folks would like to talk it over, I am willing. Otherwise, within in a few weeks I will be down there for your company.

This email is a Litigation Hold - please preserve all records and documents related to telephone calls to my phone numbers 972 207 5749 and 360 910 1019.

Nathen



On Wed, Feb 17, 2021 at 1:08 PM Carlos Cotta <ccotta@nacalaw.org> wrote:
> Good afternoon Mr. Barton. Here is the list of documents we are going to need from you.
> Documents needed:
>
> - Most recent mortgage statement from your lender
> - 1 month of pay stubs/most recent pension statement/2020 social security awards letter
> - 3 months of bank statements (all pages)
> - 2018 and 2019 tax returns w/ W'2s
> - 1 recent utility bill (gas, electric or water)
> - Hardship Letter (explaining what caused you to fall behind)
> - Sign all pages on the Free Services Agreement that needs your signature after page 8
> - Credit Report Authorization Form (fill out all 3 pages)
> - RMA Form (please fill out pages and sign pages 5 & 6)
> - 4506-T Form (please fill out, sign and date)
> - Emergency Covid-19 Forbearance Form
> - Missing Document Acknowledgement Form (sign and date) just in case you are missing any documents please sign it, so it can be ok to submit your file without this (these) documents.
>
> *Respectfully,*



# Exhibit A

*Carlos M. Cotta*

**DRE Lic: 02082207**

***CA Real Estate Agent**/Volunteer Advocate*

**Address:***1503 South Coast Dr. Suite 100*
*Costa Mesa, CA 92626*

**Direct:** *949.430.0475*
**Office:** *877.243.4632*
**Fax:** *949.502.0819*
www.nacalaw.org



        *NOTICE OF CONFIDENTIALITY : This Email message and its attachments (if any) are intended solely for the use of the addressees hereof. In addition, this message and the attachments (if any) may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify us and immediately delete this message from your system.*

## Exhibit B



Legal Response Center
1800 Bishops Gate Boulevard
Mount Laurel, NJ 08054
866-947-8572 Tel
866-947-5587 Fax

### CONFIDENTIAL
All documents produced herein are for litigation purposes only

November 19, 2021

Nathen Barton
4618 Northwest 11th Circle
Camas, Washington (WA) 98607

RE:    Nathen Barton v. Joe Delfgauw, et al.
       United States District Court for the Western District of Washington
       Case No.: 3:21-cv-05610-RJB
       Comcast Case #: LCV32369

Dear Nathen Barton:

        The Subpoena dated 11-11-2021 with respect to the above referenced matter has been forwarded
to the Legal Response Center for a reply. The Subpoena requests Comcast to produce certain subscriber
records pertaining to the following: 71.238.123.34 assigned on 06-15-2021.

        The information requested under the Subpoena is governed by Section 631 of the Cable
Communications Policy Act of 1984, 47 U.S.C. § 551. Under that statute, a cable operator is prohibited
from disclosing personally identifiable information pertaining to a subscriber without the subscriber's
express consent, except in limited circumstances as set forth in the statute. Under Section 551, a cable
operator may not disclose such material pursuant to a Subpoena except to a government entity in
accordance with the provisions of subsection (c)(2)(D), which does not appear to apply to the current
matter. In order for Comcast to disclose personally identifiable information to a private individual or
entity, such as the one identified in your request, subsection (c)(2)(B) requires "a Court Order authorizing
such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."
Accordingly, Comcast will not be able to release the requested information in the absence of a court order
that complies with Section 551. For your information, a copy of Section 551 is enclosed.

        Further, any such court order should allow Comcast to have seven (7) calendar days after service
of the order to notify subscribers that their identity is sought by Plaintiffs and each subscriber whose
identity is sought shall have twenty one (21) calendar days from the date of such Comcast notice to file
any papers contesting the order.

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

Unless the Legal Response Center hears from you within ten (10) business days of the date of this letter, Comcast will assume that you will provide a Court Order that satisfies subsection (c)(2)(B) or written customer consent in due course and that Comcast need take no further action at this time.

In connection with processing the Subpoena, the Legal Response Center has checked Comcast's records and determined that Comcast has limited information responsive to the Subpoena. Therefore, Comcast would be unable to provide responsive information to a court order seeking all of the information requested in the Subpoena.

If you need further assistance, please feel free to call 866-947-8572.

Very Truly Yours,

Comcast Legal Response Center

Exhibit B

**Exhibit C – Page 1 of 2**

---

2/27/22, 1:25 PM                    Gmail - I would like to simplify and reduce the claim in the SAHA case

 Gmail                                N B <farmersbranch2014@gmail.com>

## I would like to simplify and reduce the claim in the SAHA case

**Nathen Barton** <farmersbranch2014@gmail.com>                    Mon, Feb 7, 2022 at 1:58 PM
To: DONNA GIBSON <donna@donnagibsonlaw.com>

I will do so.  Also, I apologize for my contributions to the friction between you and I.  I do not wish to cause problems.

I do feel we are working together better now and I appreciate your efforts towards that.

Nathen
[Quoted text hidden]

---

2/27/22, 1:16 PM                    Gmail - I would like to simplify and reduce the claim in the SAHA case

 Gmail                                N B <farmersbranch2014@gmail.com>

## I would like to simplify and reduce the claim in the SAHA case

**DONNA GIBSON** <donna@donnagibsonlaw.com>                    Mon, Feb 7, 2022 at 7:18 PM
To: Nathen Barton <farmersbranch2014@gmail.com>

No apology need. I tend to be cranky lately as I'm trying to het about 6 weeks worth if work done in the next few weeks so I can enjoy my vacation.

As I said, I will lreview with my client and get back to you

Donna Gibson
Attorney
Law Office of Donna Beasley Gibson
206-242-5529
[Quoted text hidden]

---

Exhibit C

**Exhibit C – Page 2 of 2**

---

2/27/22, 1:16 PM                    Gmail - I would like to simplify and reduce the claim in the SAHA case

 Gmail                                    N B <farmersbranch2014@gmail.com>

### I would like to simplify and reduce the claim in the SAHA case

**Nathen Barton** <farmersbranch2014@gmail.com>                    Mon, Feb 7, 2022 at 7:23 PM
To: DONNA GIBSON <donna@donnagibsonlaw.com>

I do apologize to, for some reason I haven't worked well with you and it is not how I want to conduct myself.

Nathen
[Quoted text hidden]

---

2/27/22, 1:16 PM                    Gmail - I would like to simplify and reduce the claim in the SAHA case

 Gmail                                    N B <farmersbranch2014@gmail.com>

### I would like to simplify and reduce the claim in the SAHA case

**Nathen Barton** <farmersbranch2014@gmail.com>                    Mon, Feb 7, 2022 at 7:40 PM
To: DONNA GIBSON <donna@donnagibsonlaw.com>

Ok, we are both a little guilty here, how about we reset?  I am really not such a bad guy and I am not the monster you may think of me.  I am the dad of three boys who have phones now and I just want to stop the ringing.  And the good news is, ringing is way down.

With most people we just work stuff out by asking for what we need.  I have learned a great deal from opposing attorneys when they tell me I am wrong.  I know you have done that plenty, but if you take a minute to tell me why I am doing it wrong, and how to do it right, I will be very receptive and it probably will save you a lot of effort.

I will be more patient and work stuff out with you

Nathen
[Quoted text hidden]

Exhibit C