HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>    Plaintiff<br><br>v.<br><br>SERVE ALL, HELP ALL, INC.<br><br>    Defendants. | Case No.: 3:21-cv-05338-BHS<br><br>RESPONSE TO BARTON'S MOTION TO COMPEL; COUNTER MOTION TO STRIKE AND FOR SANCTIONS<br><br>Noted for April 22, 2022 |

COMES NOW defendants/former Counterclaimants SERVE ALL, HELP ALL, INC. ("SAHA") and respond to Plaintiff/former Counter defendant's motion to compel as follows:

STATEMENT OF FACTS

On February 8, 2022 BARTON filed his Second Amended Complaint.  See Dkt. 45. SAHA filed an answer and a counterclaim on February 24, 2022.  See Dkt. 46. BARTON did not answer the counterclaim and rather, filed a motion to dismiss. On March 15, 2022 See Dkt. 47 On April 1, 2022  I agreed that I should have sought leave of court prior to filing the counterclaim, and did so through a response to that motion. See Dkt.48.

RESPONSE TO MOTION TO COMPEL;
COUNTER MOTION TO STRIKE
Page 1

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

February 25, 2022, BARTON served a round of discovery requests to counterclaimant SAHA and his 5th set of interrogatories to defendant SAHA.  He served another request on February 26, 2022 to defendant SAHA a sixth set of requests for admissions.  And on February 27, 2022, he served a second round of discovery requests for counterclaimant SAHA, the second set of interrogatories, admissions and requests for production *See Declaration of Donna Gibson.*

Counsel filed a notice of unavailability stating that I would be unavailable from February 28, 2022 through March 15, 2022.  See Dkt. 42   BARTON, having been informed of counsel's unavailability was within days of those requests..  Not only that, he had not filed a response to the Counterclaim, yet propounded discovery immediately upon the filing of the counterclaim, on February 25, 2022.  *See Declaration of Donna Gibson.*

Upon counsel's return from vacation, and actually prior to her return, BARTON was up to his usual barrage of motions, not only in this case, but in another case pending in this court where Mr. Barton is the plaintiff and the undersigned counsel represents  the defendants *Barton v. Delfgauw*  3:21-cv-05610-JRC.  BARTON served  additional discovery requests in that matter on 03/14/2022, 03/20/2022, and 03/29/2022.  He had also filed five motions in that matter.  *See Docket in that case, attached to Declaration of Donna Gibson.*   In that case, the court also ordered that Mr. Barton not issue a new round of discovery until he had received responses to what was outstanding.  He clearly did not follow that order, in issuing discovery on 3/14, 3/20 and 3/29.

He has been drowning the parties in a mass of discovery requests, motions and lengthy discovery conferences to the point where it is impossible to keep up.

Page 2

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

Not only that, upon return from vacation, counsel had a bench trial scheduled in Thruston County court for Monday, March 21, 2022 for which she was preparing even prior to my return. That matter settled on the Friday prior to trial. *See declaration of Donna Gibson.*

During the course of responding to discovery requests, information was disclosed that would form the basis for amending their answer and counterclaim. Counsel reached out to Mr. Barton in an attempt to stipulate to issues. The parties did not to come to a stipulation.

In the meantime, counsel needed to discuss the impact of this information with my client, involving counsel and three person. Due to everyone's schedule, counsel was unable to get a meeting set up prior to Mr. Barton's demands.

A discovery conference was for Friday April 1 at 10 a.m. However, on Wednesday afternoon, March 30, counsel's mother fell at her assisted living facility and broke her wrist. On Thursday, March 31 she was informed of the need to take her mother for a follow up appointment at her doctor's office at 9 am. Mr. Barton was informed of that on March 31 and asked if they could move the conference an hour. The parties agreed to do the conference via email *See Declaration of Donna Gibson.*.

The parties emailed back and forth regarding the issues. Counsel informed BARTON via email that she needed to seek protection order/in camera review for some of the documents that needed to be produced. She also agreed to dismiss the counterclaim during that discourse and filed that via a response to the motion to dismiss at Docket 49.

After hours, over the weekend, BARTON emailed a deadline to respond by 5:00 pm on Monday, April 4, 2022, thereby continuing the discovery conference. Counsel did not read that email until Sunday evening April 3, 2022, after seeing the ECF referencing the filing

RESPONSE TO MOTION TO COMPEL;
COUNTER MOTION TO STRIKE
*Page 3*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

of BARTON's Motion to Compel.   Counsel had a mediation scheduled on April 4 at 10 am and two court hearings on April 4, one at 9 and one at 2 for which she was preparing paperwork and clients.

This email request setting a deadline of April 4, 2022, evidences that meet and refer requirement was still continuing up and through the end of April 4th.   BARTON had also agreed that the majority of the outstanding discovery was regarding the counterclaim, which was being dismissed as evidenced in the response to his motion to dismiss, thus the majority of the issues were resolved. Further, he had received redacted versions of the documents he requested from defendants.   *See Declaration of Donna Gibson.*

Upon inquiry, BARTON stated would be out of town without internet and he needed to protect his interest and make sure his motion was filed so he filed it early .   *See Declaration of Donna Gibson.*

In BARTON's declaration in support of his motion, he falsely states at page 2 line 4 "I have made all efforts to resolve the issues in the Motion in good faith."   That is an incorrect statement.   As he states in his declaration, the parties conducted the discovery conference via email.

BARTON has a habit of filing unnecessary motions that he later withdraws, bombarding parties with discovery in a repetitive manner, misstating facts in his declarations which counsel believes is purposely done to gain an advantage and waste counsel's time on frivolous matters and then squawk when his deadlines are not met.

The parties are required to meet and confer pursuant to Civil Rule 26(i) prior to moving to compel.  That meet and confer conference was not completed prior to the filing of this motion.

RESPONSE TO MOTION TO COMPEL;
COUNTER MOTION TO STRIKE
*Page 4*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

He once again has filed a motion that is premature and defendants request that this motion be stricken for being premature. Defendants request that this matter be stricken.

Further, since counsel has spent two hours preparing this response, defendants request sanctions in the amount of $600.00 to compensate them for their attorney's time.

Respectfully submitted this 6th day of April, 2022

          s/Donna Gibson
          Donna Gibson
          Attorney for Defendants
          SERVE ALL HELP ALL, INC.
          Law Office of Donna Beasley Gibson PLLC
          1204 Cleveland Ave
          Mount Vernon, WA  98273
          (206) 242-5529
          (425) 332-7068
          donna@donnagibsonlaw.com