Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Nathen Barton,<br><br>            Plaintiff<br>   v.<br>Serve All, Help All, Inc.<br><br>   and<br><br>John Doe 1-10<br><br>            Defendant(s). | Case No.: 3:21-CV-05338-BHS<br><br>REPONSE TO MOTION TO CONTINUE BARTON'S MOTION FOR RULE 11 SANCTIONS<br><br>NOTE ON MOTION CALENDAR:<br>MAY 20, 2022 |

PLEASE TAKE NOTICE that Plaintiff Nathen Barton ("Plaintiff") responds to defendant Serve All, Help All, Inc.'s ("SAHA") Motion to Continue Barton's Motion for Rule 11 Sanctions (Dkt. 71).

## I.   INTRODUCTION

Plaintiff filed Dkt 66 on 4/27/2021, noted for 5/13/2022. Any response would have been due 5/9/2022, a duration of 12 days. Eight of those being business days.

On 5/8/2022, without consulting Plaintiff, Opposing Counsel ("OC") filed Dkt. 71 asking for an indefinite extension.

This is improper, follows a series of poor choices, including those that lead to Dkt. 66 being filed, does not meet the standards for granting a continuance, and should be denied.

**The Motion is Improper**

LCR 7(j) states:

"*A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline.* <u>Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.</u>

If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, *the party should contact the adverse party, meet and confer* regarding an extension, and file a stipulation and proposed order with the court. Alternatively, the parties may use the procedure for telephonic motions in LCR 7(i). It is expected that if a true emergency exists, the parties will stipulate to an extension."  Emphasis added

Opposing Counsel did none of this.

a.      OC filed this at 7:38pm on 5/8/2022, one day before the response was due.

b.      OC never contacted Plaintiff about this issue, ever, at all, before filing the motion.

c.      There is no emergency behind the motion.

OC had four business days of last week to comply with LCR 7(j) and she failed to do so.

Shown in Dkt. 72-2, page 2, on 5/3/2022 Plaintiff asked OC for a phone conference (on other issues) to happen before Friday May 6, and OC turned him down.  Plaintiff called OC twice on 4/28/2022, and twice on 5/3/2022.  OC didn't answer the phone or call Plaintiff back.

Plaintiff testifies to the same.

OC could have emailed Plaintiff at least asking if it was possible to have a phone conference between Friday of last week (5/6/2022) and early enough today (5/9/2021) that she could have still filed an opposed motion by midnight.  She never noticed Plaintiff through any communication channel that she wanted a delay.

This Court is unable to rule on the motion before deadline and OC is assuming a delay will be granted.  This Court should not reward these choices.

RESPONSE TO MOTION FOR CONTINUANCE   - 2 / 5
CASE 3:21-CV-05338-BHS

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**OC's Motion Fails the Good Cause Standard**

This Court may extend a deadline for "good cause".  OC heavily features her <u>routine busyness</u> (Dkt. 60-4, Dkt. 72) as "good cause".  Good cause is a non-rigorous standard, but it is *a* standard, and busyness does not rise to the level of good cause in general.  *Keeton v. Morningstar, Inc.*[1], 667 F.3d 877, 883 (7th Cir. 2012).

"At oral argument on appeal, Boyd further cited his status as a <u>sole practitioner</u> and suggested that his preoccupation with this other case made it impossible for him to attend the status conference. Be that as it may, *it is widely accepted that neglect due to a busy schedule is not excusable*. See *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996); *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003); Hunt v. City of Minneapolis, 203 F.3d 524, 528 n. 3 (8th Cir. 2000); *Baker v. Raulie*, 879 F.2d 1396, 1399-1400 (6th Cir. 1989); *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1569 (11th Cir. 1987). <u>Common sense dictates that there is a limit to the quantity of cases a sole practitioner can professionally handle by himself at any one point in time.</u> Although Boyd expressed at oral argument that he had done the best he could in this case, he appears to have exceeded that limit here." *Harrington v. City of Chicago*[2], 433 F.3d 542, 548 (7th Cir. 2006).  Emphasis added.

"In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and

---

[1] https://casetext.com/case/keeton-v-morningstar-inc

[2] https://casetext.com/case/harrington-v-city-of-chicago

the best way to encourage that is to enforce the deadlines." *Wong v. Regents of University of California*[3], 410 F.3d 1052, 1060 (9th Cir. 2004).

There is nothing unusual or legally difficult about responding to Dkt. 66. Plaintiff didn't file Dkt. 66 at the last possible moment or game holidays or court rules to reduce OC's time to respond.

Responding to Dkt. 66 is simply routine work for an attorney. OC fails to cite why here 'busy' schedule or the legal issues of this case are anything out of the ordinary.

If OC could demonstrate that Dkt. 56 was not a baseless counterclaim, she could do so with a one page or less declaration of facts or specific allegations they believed were true and could be proven through discovery.

OC's burden in evading Dkt. 66 is less effort than she put into this motion.

**OC's Motion continues a pattern of Bad Faith and Prejudice to Plaintiff**

Plaintiff will not re-litigate Dkt. 66 here, but simply points out that it is OC's bad faith that led to Dkt. 66 being filed.

This ill-filed motion ignoring the rules demonstrates a continuation of that pattern.

As laid out in Dkt. 66, Dkt 56 is a 'Hail Mary" attempt to mislead the Court into allowing a counterclaim when OC herself has testified there is no basis for one against Plaintiff.

Plaintiff has laid out a prima facie case of OC's malfeasance and allowing more motions and responses and litigation around a baseless counterclaim before dealing with the root of the problem is just a waste time for everyone.

Further, granting this motion and would lead to a substantial delay in the case (Plaintiff's MSJ was filed on 5/2/22, OC's motions Dkts. 71 and 73 are <u>noted</u> for 5/20/22, and OC asks for a

---

[3] https://casetext.com/case/wong-v-regents-of-university-of-california-2

four Friday delay after the Court rules on Dkt. 56 (Dkt. 72, 3:1-2).  It is likely there will be some weeks of delay before Dkts. 71 & 73 are ruled on, adding even more delay and pressuring the Court's scheduling order in Dkt. 18).

## II.     CONCLUSION

OC and SAHA repeatedly persist in telling this Court Plaintiff "opted in" from a website despite knowing the falsity of the accusation and that lead to the filing of Dkt. 66.

They now wish to delay answering Dkt. 66 so they can continue to litigate a claim when they have even testified Plaintiff wasn't involved in harming them.  A continuance should be denied and they should be held accountable for wasting time with a baseless counterclaim.

__/s Nathen Barton___                             ____5/9/2022_____
   Nathen Barton                                              Dated


Nathen Barton
(469) 347 2139
4618 NW 11th Cir
Camas WA 98607
bluewind33@protonmail.com