UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN W. BARTON,

                 Plaintiff,

    v.

SERVE ALL HELP ALL, INC.,

                 Defendant.

CASE NO. 3:21-cv-05338-BHS

ORDER

THIS MATTER is before the Court on several related sets of motions in this pro se Telephone Consumer Protection Act ("TCPA") case.

The background of the case is described in the Court's prior Order resolving a similar set of motions, Dkt. 43. Among other things, that Order granted pro se plaintiff Nathen Barton's motion for leave to file an amended complaint. This had the effect of mooting[1] Defendant Serve All Help All's ("SAHA") then-pending motion to dismiss, Dkt. 22. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Barton filed his Second Amended Complaint, Dkt. 45, and SAHA filed an amended

---

[1] Barton's First Amended Complaint, Dkt. 8, had the same effect on SAHA's first Motion to Dismiss, Dkt. 6. *See* Dkt. 12.

1  Answer with a "fraud" counterclaim two weeks later. Dkt. 46. The bulk of the pending

2  motions are related to SAHA's counterclaim.

3         Barton moves to dismiss SAHA's fraud counterclaim, arguing primarily that under

4  the Court's scheduling order, the deadline for filing an amended pleading had already

5  passed. Dkt. 47 at 2 (citing that the deadline for amended pleadings was October 14,

6  2021). He asserts that the counterclaim is an unfair surprise, because, even though SAHA

7  had previously asserted fraud as an affirmative defense in its Answer, Dkt. 21 at 3, (and

8  Barton had moved to strike it, Dkt. 36), he had sent discovery asking SAHA to set forth

9  every fact supporting its affirmative defenses and SAHA failed to articulate the facts that

10  it alleged in its amended answer and counterclaim. Dkt. 47 at 3.

11         SAHA was apparently persuaded by Barton's filing, and rather than oppose the

12  motion, it agreed instead to dismiss its counterclaim as filed, and to seek the Court's

13  leave to file an amended answer and counterclaim. Dkt. 49. Rather than withdrawing his

14  motion to dismiss a counterclaim that SAHA had already agreed to dismiss, Barton—the

15  same day— filed instead a Reply, asking the Court to warn SAHA not to assert a

16  different counterclaim that might be harder for him to "disprove":

17         SAHA's counterclaim should be dismissed as their counterclaim was
groundless and brought in bad faith. SAHA should be warned that pursuing

18  further counterclaims against Plaintiff at this late stage in the litigation
(Plaintiff's opportunity to conduct further discovery has run out) is grounds

19  for sanctions. It is only by Defendant's bad luck that there wasn't an "opt
in" in play at all. Otherwise, this current groundless counterclaim could

20  have moved forward.
       Gibson and SAHA should be deterred from submitting yet another

21  groundless counterclaim that might be harder to disprove.
       It would waste the Court's and Plaintiff's time to resolve another

22  groundless counterclaim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Dkt. 50 at 9.

Consistent with its response to Barton's Motion to Dismiss, SAHA has filed a Motion for Leave to file an Amended Answer, a counterclaim, and for an amended case schedule. Dkt. 56. Barton opposes that motion, making the same arguments he made in seeking to dismiss the since-withdrawn answer and counterclaim. Dkt. 65.

Barton then filed a Motion for Rule 11 Sanctions against SAHA's counsel, based on the same withdrawn answer and counterclaim, and relying on the same arguments made in his motion to dismiss and his opposition to the motion for leave to amend. Dkt. 66. SAHA has moved for a continuance of that motion, based on counsel's trial schedule. Dkt. 71. Barton opposes any delay, arguing SAHA has not shown an emergency justifying a continuance. Dkt. 75.

Also pending are Barton's Motion to Compel discovery related to the withdrawn counterclaim, Dkt. 52, and SAHA's responsive motion for fees, Dkt. 59. Finally, Barton seeks Summary Judgment on his claims, Dkt. 69, and SAHA asks the Court to continue that motion based on counsel's schedule, Dkt. 73. Barton opposes a continuance for lack of an emergency. Dkt. 75.

The issues are addressed in turn.

**A.     Barton's Motion to Dismiss SAHA's Counterclaim is DENIED.**

As to the merits of the "counterclaim" dispute(s), the Court notes initially that when a plaintiff seeks and obtains from the Court leave to amend a complaint, it is necessarily implicit that the defendant is also permitted—is *required*—to file an amended

1   answer in response. Had SAHA not filed an amended pleading, Barton would have

2   presumably moved for default, as he did 15 days after the Court denied SAHA's initial

3   motion to dismiss, Dkts. 6 and 7, based on Barton's Amended Complaint. *See* Dkts. 12

4   (August 24, 2021 Order) and 19 (September 8, 2021 Motion for Default). SAHA did not

5   need the Court's permission under Rule 15 to file an amended pleading in response to

6   Barton's second amended pleading.

7           Nevertheless, SAHA has expressly and unequivocally informed Barton and the

8   Court that the amended answer and counterclaim has been voluntarily dismissed. Dkt. 49.

9   Accordingly, just as there was no complaint to dismiss after Barton filed his amended

10  complaints, there is no current counterclaim to dismiss. Barton's motion to dismiss

11  SAHA's counterclaim, Dkt. 47, is **DENIED as moot**. His follow-on Motion for Rule 11

12  Sanctions, Dkt. 66, based on the alleged factual inaccuracy of SAHA's fraud

13  counterclaim, is similarly **DENIED as moot**. SAHA's motion for a continuance of

14  Barton's Rule 11 Motion, Dkt. 71, is also **DENIED as moot**.

15  **B.      SAHA's Motion for Leave to Amend is GRANTED.**

16          Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given

17  when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th

18  Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v.*

19  *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In

20  determining whether to grant leave under Rule 15, courts consider five factors: "bad

21  faith, undue delay, prejudice to the opposing party, futility of amendment, and whether

22  the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*,

655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.,* 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

SAHA seeks leave to Amend its Answer to assert a fraud counterclaim, based on its allegation that Barton opted into the "marketing campaign" that forms the basis for his TCPA complaint. Dkt. 56-2 at 9. It alleges that Barton provided a fake name when he provided his phone number and provided his name and phone number (and his minor child's) when he received a call, and voluntarily continued to interact with the caller. *See generally id*. at 10–14.

Barton opposes amendment, again pointing to the Court's September 3, 2021 scheduling order, Dkt. 18, and to SAHA's response to his Interrogatory seeking information about its affirmative defenses, including fraud. He claims he will be prejudiced if SAHA amends its pleading so late in the litigation, after the deadline for doing so has passed. Dkt. 65. Barton also argues that SAHA has waited too long to amend its answer and assert a fraud counterclaim. *Id.*

The Court disagrees on all points. First, the scheduling order was issued long before Barton amended his own pleading a second time—some five months past the Court-ordered deadline he now asks the Court to enforce against SAHA. *See* Dkt. 18

1  (stating the deadline for amendment was October 14, 2021); Dkt. 45 (Barton's Second

2  Amended Complaint filed in February 2022). Barton ignores that SAHA first attempted

3  to amend its pleading just *two weeks* after he amended his own complaint a second time.

4  *See* Dkt. 46.

5      Barton also ignores the fact that each time he amended, he avoided a then-pending

6  motion to dismiss. The prejudice to SAHA in doing so is obvious, and is greater than the

7  prejudice Barton claims in having to respond to a fraud counterclaim instead of simply a

8  fraud affirmative defense. Nor does SAHA's discovery response—that discovery had

9  "just begun"—preclude it from learning new facts, revising its answer, and asserting a

10  counterclaim. Amending a pleading based on new evidence is exactly what Barton has

11  done, twice. A discovery response like the one at issue does not preclude amendment

12  under Rule 15's liberal amendment standard. And the commonsense rule that "what's

13  sauce for the goose is sauce for the gander" renders Barton's complaints about timing and

14  prejudice unpersuasive.

15      Finally, Barton claims that the fraud counterclaim is based on factual allegations

16  which he claims are not true. But the claim is facially plausible, and Barton's factual

17  attack on it is a summary judgment argument, not a persuasive opposition to amending a

18  pleading under the same liberal standard that let him do so after the same deadline.

19      SAHA's Motion for Leave to Amend its Answer and assert a Counterclaim, Dkt.

20  56, is **GRANTED**. It should file its amended Answer and Counterclaim within 14 days.

21  The Clerk will issue a revised scheduling order, with a new trial date, based on the

22  parties' later-than-expected amended pleadings.

**C.      The parties' Discovery Motions are DENIED.**

Barton asks the Court to compel responses to discovery that he apparently sent to SAHA and which he claims has not been answered. Dkt. 52. The motion omits any reference to what information he sought, or what, if anything, he obtained. Instead, it simply asserts that Barton sent discovery and that it was not answered:

> As a plaintiff, Plaintiff submitted the following interrogatory request to SAHA on 2/25/2022:
>
> *2.25.2022 SAHA Interrogatories 5.pdf*
>
> This request has not been answered.

Dkt. 52 at 2. Barton's supporting Declarations, Dkts. 53 and 55, describe the efforts he made to get discovery, but do not address what discovery he seeks or why he is entitled to it. Barton's proposed order granting his Motion to Compel, Dkt. 52 at 9–10, asks the Court to compel answers and documents responsive to:

> *2.25.2022 SAHA Interrogatories 5.pdf*
> *CD 2.25.2022 SAHA Interrogatories 1.pdf*
> *CD 2.25.2022 SAHA Production 1.pdf*
> *CD 2.27.2022 SAHA Interrogatories 2.pdf*
> *CD 2.27.2022 SAHA Production 2.pdf*
>
> *2.28.2022 SAHA Interrogatories 6.pdf*
> *CD 2.28.2022 SAHA Interrogatories 3.pdf*
> *CD 2.28.2022 SAHA Interrogatories 4.pdf*
> *CD 2.28.2022 SAHA Production 3.pdf*

SAHA responds that Barton has been "bombarding" it with discovery and that counsel is "drowning" in a mass of discovery requests, motions, and discovery conferences to the point where she cannot "keep up." Dkt. 59 at 2–4; *see also* Dkt. 60, Declaration of Donna Gibson at 3. SAHA also argues that the bulk of the discovery

1   Barton seeks to compel is aimed at SAHA's since-withdrawn counterclaim. SAHA

2   suggests that Barton is abusing the discovery process, and it seeks two hours of attorney

3   time at $300 per hour for having to respond to the motion. SAHA demonstrates that

4   Barton has sent it at least six sets of interrogatories, four sets of Requests for Production,

5   and six sets of Requests for Admission. Dkts. 59 at 2 and 60-1 at 5.

6        Fed. R. Civ. P. 26(b)(1) provides:

7   > [P]arties may obtain discovery regarding any nonprivileged matter that is
8   > relevant to any party's claim or defense and proportional to the needs of the
    > case, considering the importance of the issues at stake in the action, the
9   > amount in controversy, the parties' relative access to relevant information,
    > the parties' resources, the importance of the discovery in resolving the issues,
10  > and whether the burden or expense of the proposed discovery outweighs its
    > likely benefit.

11  The Local Civil Rules advise that

12  > [t]he proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be
    > applied in every case when parties formulate a discovery plan and
13  > promulgate discovery requests. To further the application of the
    > proportionality standard in discovery, discovery requests and related
14  > responses should be reasonably targeted, clear, and as specific as possible.

15  LCR 26(f).

16       Barton's pending, 25-page Motion for Summary Judgment asserts that he is

17  entitled to a total of **$10,200** in statutory damages in this TCPA case, as a matter of law.

18  Dkt. 69 at 23. That is the total amount in controversy. A $10,000 case does not warrant

19  six rounds of discovery requests and multiple motions to compel; such discovery is

20  wildly out of proportion to the reasonable needs of the case. It is not clear why SAHA has

21  not previously sought a protective order from facially disproportionate discovery, but the

22

ORDER - 8

Court has the inherent ability to curtail abusive discovery practices, *see* Fed. R. Civ. P. 26(c), and it will do so.

Barton has not identified the information or documents he seeks, or why he needs the information. He has apparently already obtained enough discovery to file a lengthy summary judgment motion, and SAHA has established that the discovery sought is entirely out of proportion to the needs of the case; indeed, some of it (like some of Barton's motions) relates to a counterclaim that is not yet in the case.

Barton's Motion to Compel, Dkt. 52, is **DENIED**. SAHA's request for sanctions, Dkt. 59, is also **DENIED**, without prejudice. If Barton seeks discovery related to the counterclaim authorized by this Order, SAHA shall answer it or seek a protective order if it is cumulative or overly burdensome or otherwise disproportionate or abusive. The parties should work to resolve future discovery disputes. If they must involve the Court, they should articulate exactly what discovery is sought and for what purpose. The losing party in any future discovery dispute may be subject to sanctions.

**D.  Barton's Motion for Summary Judgment is CONTINUED.**

Finally, Barton seeks summary judgment on his claims against SAHA, necessarily arguing that even viewed in the light most favorable to SAHA, the evidence already in the record entitles him to judgment as a matter of law. Dkt. 69.

SAHA seeks a continuance based on counsel's schedule. Dkt. 73. Barton opposes any continuance, arguing that being busy is not good cause for a delay. Dkt. 77. He has not claimed any prejudice in the delay, and there is none. SAHA's Motion for a

1    Continuance of Barton's Summary Judgment Motion, Dkt. 73, is **GRANTED** and that

2    motion, Dkt. 69, is **RE-NOTED** for Friday, July 15, 2022.

3            IT IS SO ORDERED.

4            Dated this 16th day of June, 2022.

5

6

7            BENJAMIN H. SETTLE
             United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 10