1   Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| Nathen Barton, | Case No.: 3:21-CV-05338-BHS |
|---|---|
| Plaintiff | MOTION TO RECONSIDER |
| v. | |
| Serve All, Help All, Inc. | NOTE ON MOTION CALENDAR: JUNE 22, 2022 |
| and | |
| John Doe 1-10 | |
| Defendant(s). | |

PLEASE TAKE NOTICE that Plaintiff Nathen Barton ("Plaintiff") moves the Court to reconsider it's ruling in Dkt. 80.

**Standard for a Motion for Reconsideration**

According to the Ninth Circuit Court of Appeals, a successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior decision. *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999); citation omitted. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Id. Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent

1  manifest injustice. *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998);

2  *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw.1987), rev'd on other

3  grounds, 863 F.2d 617 (9th Cir. 1988); emphasis added.

## Issue Presented

Whether the motions, pleadings, declarations on the record and manifest justice requires that the Court reconsider its June 16, 2022, Court Order.

## Evidence Relied On

Plaintiff's Motion for Reconsideration relies upon all motions, pleadings, declarations contained in the Court record and attached hereto and such other evidence as may be considered by this Court.

## Factual and Legal Grounds for Granting Reconsideration

Plaintiff files this Motion to prevent manifest injustice. In Dkt. 80, 6:21 it is noted that the Clerk will issue a revised scheduling order. According to FRCP 16(b)(4): "A schedule may be modified only for good cause"

Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment...." *Johnson v. Mammoth Recreations, Inc.*[1], 975 F.2d 604, 607-08 (9 Cir. 1992). Good cause for modification exists if the deadlines in the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

SAHA did not set forth <u>any</u> reason why, even with diligence, they could not have asserted their counterclaim earlier such that case could be resolved according to the original scheduling order.

---

[1] https://casetext.com/case/johnson-v-mammoth-recreations-inc

If SAHA did not set forth any reason why they were diligent, it seems impossible to find they had good cause for not asserting their counterclaim earlier such that the scheduling order did not need modification.

<u>Plaintiff, in Dkt. 47, did made the above arguments.  *Id* pages 6-8.</u>  This motion is attached.

Plaintiff has worked diligently to abide by the Court deadlines.  Although he asked the Court to amend after the deadline for amendments, he informed the court that that the reason was information gathered from discovery answers he could not have known previously.  This is in line with *UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co*[2].  The scope of the litigation was only slightly changed and it did not cause a schedule slip.

Plaintiff does object to modification of the scheduling order, and he is prejudiced by it.  However, that is not the primary factor at play:

> "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. See Gestetner Corp. v. Case Equip. Co.,108 F.R.D. 138, 141 (D.Me. 1985). If that party was not diligent, the inquiry should end." *Johnson*.

**Conclusion**

Modifying the scheduling order should not be done absent a finding of due diligence on the part of SAHA.  There is nothing on the record to base a finding of due diligence on the part of SAHA, therefore this motion should be granted.

---

[2] https://casetext.com/case/udap-indus-inc-v-backpack

MOTION FOR RECONSIDERATION         - 3 / 4              NATHEN BARTON
CASE 3:21-CV-05610-JRC                                  4618 NW 11TH CIR
                                                        CAMAS WA 98607

\_\_/s Nathen Barton\_\_\_            \_\_\_6/22/2022_____

   Nathen Barton                     Dated

Nathen Barton
(718) 710 5784
4618 NW 11th Cir
Camas WA 98607
FarmersBranch2014@gmail.com

## I.     CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant. The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

Executed on June 22, 2022.

/s/ Nathen Barton

Nathen Barton

MOTION FOR RECONSIDERATION     - 4 / 4     NATHEN BARTON
CASE 3:21-CV-05610-JRC     4618 NW 11TH CIR
    CAMAS WA 98607