HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NATHEN BARTON,

        Plaintiff

v.

SERVE ALL, HELP ALL, INC.

        Defendants.

Case No.: 3:21-cv-05338-BHS

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM

SERVE ALL, HELP ALL, INC.,  a
California non-profit corporation,

        Counterclaimant

v.

NATHEN BARTON,

        BARTON.

COMES NOW defendants SERVE ALL, HELP ALL, INC. and amends it answer to the

Second Amended Complaint

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 1*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

as follows:   There are no paragraph numbers.   Defendants respond to each paragraph in order.

## I.        THE PARTIES TO THE COMPLAINT

Defendant lacks information on which to admit or deny the information in the first paragraph and leaves Plaintiff to his proofs at trial.

Defendants admit the information in the second paragraph.

## II.        BASIS FOR JURISDICTION

Defendant lacks information on which to admit or deny the information in the first paragraph and leaves Plaintiff to his proofs at trial.

If Plaintiff's assertions about his residence are correct, then the information in the second paragraph would be admitted.

Defendant admits the allegations in the third paragraph.

Defendant admit the allegations in the foruth paragraph./

## III.        STATEMENT OF CLAIM

Defendant lacks information on which to admit or deny the information in the first paragraph and leaves Plaintiff to his proofs at trial.

### Frequent Calls

This paragraph appears to be introductory and a response would not be necessary. However, Defendant lacks information on which to admit or deny the information in the first paragraph and leaves Plaintiff to his proofs at trial.

Defendant admits its calling system leaves a voice mail message if there is no answer.

Defendant admits it called phone numbers in the 360 area code; however, defendants lack information as to which (360) number Plaintiff refers to and whether that number is in

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 2*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

1  fact Plaintiff's, so defendants deny the rest of the paragraph at Page 2 lines 23-24..

2       Defendant admits it called phone numbers in the 360 area code between that time

3  frame; however, defendants lack information as to which (360) number Plaintiff refers to and

4  whether that number is in fact Plaintiff's, so defendants deny the rest of the paragraph at

5  Page 3 lines 1 through 3.

6                      **First Documented Robocall – February 15, 2021**

7       Defendant admit their calling system using phone number (844) 622-2243 placed a

8  call to an area code 360 phone number on or about 1:40PM, February 15, 2021.   The rest of

9  the first sentence is left to plaintiff's proof at trial.  Defendant has no information as to

10  whether the phone number was registered to the Plaintiff.

11       Defendants cannot admit nor deny the information in the second paragraph so

12  defendant leaves plaintiff to his proofs at trial as to the allegations in the paragraph on page 3

13  lines 9 through 11.

14       Defendant admits the allegation in the third paragraph at page 3 lines 12-15.

15       Defendant lacks information to admit or deny the allegations in the paragraph at page

16  3 lines 16 though 19.

17

18                              **SAHA Solicits Money**

19       Defendant admits it is a non profit and that Mr. Cotta sent an email requesting

20  documents but the rest of the paragraph at page 4 lines 4 through 8, defendant leaves plaintiff

21  to its proofs at trial.

22       Defendant admits that page 4 lines 14 are the contents of the email that is attached to

23  the complaint

24

25

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 3*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

Defendant denies page 4 lines 15 through 17.  As a further defense, Defendant states that the money requested is to pay third parties for the costs of credit reports which are necessary for defendant's services and that was not a solicitation for services.   Defendant denies the remainder of that paragraph through line 19, and leave plaintiff to his proofs at trial.

As to page 4 lines 20 though page 5 lines 4, the document speaks for itself therefore Defendant neither admits nor denies.  However by way of further defense. Defendant states that Bay Balley Mortgage Group is a referral company nor does defendant have a direct interest in that company.

Page 5 lines 8 though 14, defendant neither admits nor denies and leaves plaintiff to his proofs at trial.

Defendants neither admit nor deny the allegations contained in Page 5 lines 15 through 19,  as it appears to be opinion more than facts.

Defendant neither admits nor denies the allegations contained in page 5 lines 20 through 22 as it appears to be a conclusion and therefore leaves plaintiff to his proofs at trial.

Defendant denies the allegations contained in page 5 lines 23-24.

Defendant admits the allegations in page 6 lines 1 through 2.   As a further response, SAHA states that SAHA benefits in no way from the allegations in that sentence.

Defendant denies the allegations in Page 6 lines 3 through 5.  As a further response, SAHA has repeatedly informed plaintiff that there are no "owners" of the non profit.

**More Solicitations on Following Days**

Defendant cannot admit nor deny the allegations in page 6 lines 7 through 9 as there is not a phone number listed and defendant is not in a position to know what number is or is not

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 4*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

Plaintiff's just by an area code; therefore, defendants leave plaintiff to his proofs at trial.

As a further defense, Defendant state that Plaintiff interacted with Defendant's agent after receiving a call, requested information, and Plaintiff has admitted such in an email and in his Complaint.

Defendant cannot admit nor deny the allegations in page 6 lines 10 through 12 and therefore leave plaintiff to his proofs at trial.

Defendant denies the allegations contained in page 6 lines 13 through 24.  As a further response, Plaintiff himself recorded the original conversation and posted it on Youtube.  He provide that link in his original complaint.  He did not seek permission to record that conversation.

### Two More Robocalls on Following Days

Defendant lacks information to admit or deny the allegations in page 7 lines 2 through 9 and therefore leaves plaintiff to his proofs.   As further response, plaintiff's complaint does not specify a number and therefore defendants have no idea which number plaintiff is referring to.

Defendant denies the information contained in paragraph at page 7 line 9 through 11.

Defendant admits it uses an automatic dialer but whether that meets the definition of the statute is a legal conclusion and therefore, as to that portion of the paragraph at page 7 liens 12 through 14, defendant leaves plaintiff to his proofs at trial.

### All of the Robocall Messages and Voices was Identical

Defendants lack sufficient information to admit or deny the allegations in this section and therefore leaves plaintiff to his proofs at trial.  As a further response, plaintiff does not identify what call, and part of this section contains a legal conclusion.  As a further defense,

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 5*                                    Law Office of Donna Beasley Gibson PLLC
                                            1204 Cleveland Avenue
                                            Mount Vernon, WA  98273
                                            206-242-5529

defendant states that the recording on the Youtube page referred to by Plaintiff does state the identity of the caller within the first 60 seconds.   Additionally, upon research, Defendants have discovered that at least one phone number and call referred to by Plaintiff was entered into defendant's system with a reference and request to speak to someone other than Plaintiff, that person is identified and that person was not Plaintiff.

**NACA and SAHA are Annoying the Public**

Defendant lacks information upon which to admit or deny the allegations in this section and therefore leaves plaintiff to his proofs at trial.  As a further response, part of this section contains an opinion or conclusion rather than facts, and Plaintiff fails to identify the phone number in question.

### IV.    RELIEF

Defendants deny the allegation in this entire section and leaves Plaintiff to his proofs at trial

**DEFENSES**

Defendant SAHA., asserts the following defenses

1. Ambiguity

Defendants assert the plaintiff did not clearly state the issues in this case, making it difficult for these answering defendants to fully respond, and therefore ask this Court for leave to amend this answer to assert additional defenses once information is discovered that would allow defenses to be known.

2. Failure to State a Claim Upon Which Relief Can Be Granted

Plaintiff's complaint fails to state a claim upon which relief can be granted against this Defendant.

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
Page 6

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

3. Standing

Mr. Barton does not have standing to bring the claims asserted.

4. Bad Faith

Mr. Barton has fraudulently manufactured lawsuits with the intent of obtaining money through the misuse of the TCPA and currently has nine active federal cases, which defendant believes shows bad faith. Mr. Barton is not the type of plaintiff the law was created to protect and therefore, lacks Article III standing to even bring the lawsuit. See *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp.3d 782 (W.D. Pa. 2016).

5. Fraud

These answering defendants assert that plaintiff or plaintiff's assignee used fraud, deceit or misrepresentation to invite the contact

6. Unclean Hands

These answering defendant assert that plaintiff or plaintiff's assignee committed a wrongful act and/or fraud and/or misrepresentation and is attempting to benefit from those acts through this lawsuit.

7. Failure to Mitigate

Defendant assert that neither plaintiff nor plaintiff's assignee on plaintiff's behalf to mitigate his damages.

8. Mistake

The information that Defendant received for its automatic calling system was provided by a third party.  The information referenced another person who previously had a phone number which had been reassigned to Plaintiff in a short period of time after Defendant

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 7*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

obtained that information, which defendant believes is the phone number in question in this litigation.

ADDITIONAL FACTS FOR DEFENSES:

Plaintiff, or someone acting at Plaintiff's direction, posted on Youtube at https://www.youtube.com/watch?v=b4ZBxSyDvdg a recording of part of a phone call wherein the caller identifies himself as Nathan Barton.  The posting captures the beginning of the phone call, where you can hear the caller select options and be connected to a live person who immediately identifies "Non Profit Alliance" and then through the 8 minute phone call, the caller identifies himself as Nathan Barton an provides a phone number with a 360 area code and a phone number with a 947 area code as well as his email and address.

Any contact after selecting to be connected with a live person is invited contact.  Any calls after that, are invited as Mr. Barton himself provided his information to the representative.

AND NOW having answered the allegations of the Complaint and having pled affirmatively, these answering defendants deny that Plaintiff is entitled to any relief and demands that the Complaint be dismissed at Plaintiff's cost.

**COUNTERCLAIM**

SERVE ALL, HELP ALL, INC., a California 503(c) corporation,  files this Counterclaim against NATHEN BARTON ("BARTON"), an in support of its individual and collective Causes of Action state:

I.     **PARTIES**

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 8*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

1.1     Counterclaimant SERVE ALL, HELP ALL, INC. is a California 503 (c)
corporation, with is primary location in Santa Ana, California. (Hereinafter referred to as
"SAHA")

1.2     BARTON NATHEN BARTON, is an individual, residing in Clark County,
Washington.

## II.     JURISDICTION AND VENUE

2.1  The original complaint was filed in this venue and jurisdiction.

## III.     ADDITIONAL FACTS

3.1     SAHA received marketing information from third parties regarding individuals
who were facing foreclosures which includes the name, address and associated phone
numbers.

3.2     SAHA programs that information into its auto dialer.

3.3     SAHA also receives information from websites where people enter their
information to receive help with foreclosures.  That information includes name and phone
number.

3.4     SAHA is informed and believes and thereon allege that Counterdefendant
NATHEN BARTON in or about February opted into a marketing campaign to receive
communication from an entity operated or represented by the Counterclaimants or one of its
affiliates.

3.5     Counterdefendant NATHEN BARTON opted in to receive information from
SAHA or one of their affiliates by providing his phone number.  Unfortunately, the
Complaint does not specify which number that is.

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 9*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

3.6     SAHA and their affiliates retain information and regarding the IP address of individuals that interact with its websites.

3.7     SAHA is informed and believe and thereon allege that Counterdefendant NATHEN BARTON provided a fake name when he provided his phone number on the website when opting in to receive information.

3.8     BARTON opted in, gave false information, and then waited for contact

3.9      Alternatively, SAHA believes that it received information from one if its marketing affiliates regarding the name and associated phone numbers for an address being foreclosure upon and either NATHEN BARTON was assigned one of the phone number associated with that address as the number had been recently re-assigned.

3.10     Upon receiving the auto-dialed phone call, rather than hanging up or selecting the option to remove his number BARTON opted to contact SAHA.

3.11     Once interacting with SAHA's agent, BARTON supplied his name, phone number and email so that he could further receive information.

3.12     BARTON made no attempt to inform SAHA that the number was not associated with the person asked for in the phone call.

3.13     BARTON had no interest in the information he agreed to receive from SAHA.

3.14     In BARTON'S original complaint, which as since been amended twice, he listed a link to a Youtube posting wherein BARTON can be heard selecting the option to speak to someone and engaging a live person on the other end of the call.

3.15     BARTON himself, or someone acting on his behalf, recorded the conversation. Not only that, BARTON has provided his own evidence as to what occurred on that call, that allegedly occurred on February 15, 2021.    On that call, you can hear the live person

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
Page 10

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

identify "Non Profit Alliance. How may I help you?" within seconds of the call being connected.

3.16    In that conversation, BARTON provides his name, his son's cell phone number and BARTON's own cell phone number as well as his address to the representative.

3.17    SAHA is informed and believes and thereon alleges that Counterdefendant NATHEN BARTON opted in with the intent to engage Counterclaimants and their affiliates in actions that BARTON intended to use to file lawsuits for violating the TCPA.

3.18    SAHA is informed and believe and thereon alleges that Counterdefendant NATHEN BARTON had a scheme to "get rid of robocalls" and purposely sought out businesses to sue for his own personal financial gain.

3.19    SAHA was contacted by BARTON who engaged with SAHA and consented to SAHA and its representatives to engage with him for service offered.

3.20    SAHA received an email from BARTON after consenting to receive information which stated "I am sorry, I am not really interested in loan modification. A couple of days ago I got an illegal robocall and I played along to see who it was and unfortunately, it was you folks. I have a mission to get rid of robocalls… if you folks would like to talk it over, I am willing.  Otherwise within a few weeks I will be down there for your company."

3.21    BARTON has filed at least nine similar lawsuits in this and other courts, alleging similar actions.

3.22    BARTON is using the TCPA as a means to make a profit.

3.23    BARTON is using the TCPA to harass business owners, and specifically SAHA

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

3.24    BARTON is using the TCPA as a means to extort money from SAHA.

3.25    BARTON has admitted that other companies "simply pay him to go away."

3.26    BARTON has a pattern of such acts which form the bases of at least two other lawsuits – one involving Lead Point and one involving Joe Delfgauw.

## IV.    CAUSE OF ACTION – FRAUD

4.1    SAHA repeat and reallege the allegations set forth in paragraphs 1.1 through 3.25

4.2    SAHA is informed and believes and thereon alleges that BARTON used a false name when opting-in.

4.3    Alternatively, SAHA is informed and believes and thereon alleges that BARTON used a phone he recently purchased and using information in that phone, responded to solicitations meant for the previous owner of the phone number.

4.4    SAHA is informed and believes and thereon alleges that BARTON filed a complaint alleging actions involving a phone number but only stated an area code, for the purpose of hiding the phone number involved so that his true actions could not be traced.

4.5    SAHA is informed and believes and thereon alleges that BARTON falsely represented this information for the purpose of showing that the messages he received were unsolicited.

4.6    SAHA is informed and believes and thereon alleges that BARTON represented himself using a false name when he opted-in and to represent to the court in his lawsuit that he had never opted in to receive information, and to induce Counterclaimants (and other businesses) to believe BARTON was interested in the communication.

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
Page 12

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

4.7     SAHA is informed and believes and thereon alleges that BARTON opted in on a call on February 15, 2021.

4.8     SAHA is informed and believe and thereon alleges that BARTON did these actions complained of to further his mission to "take down robocallers".

4.9     SAHA is informed and believes and thereon alleges that BARTON's motivation for this is for his own economic gain, through a plan that the defendants in his cases will simply pay him rather than defend.

4.10    SAHA is informed and believe and thereon alleges that when BARTON made these representations, he knew they were false.

4.11    SAHA is informed and believes and thereon alleges that when BARTON made this representation he did so with the intent that Counterclaimants would act on it.

4.12    Counterclaimants took their actions in reliance on BARTON's representations, including emailing him and making phone calls subsequent to February 15, 2021.

4.13    SAHA is informed and believes and thereon alleges that BARTON took the actions complained of in the hopes that SAHA would pay money to him rather than defend the action.

4.14    SAHA expended both employee time, attorneys fees, and other resources to fulfill its contractual obligations based on BARTON's actions

V.      **CAUSE OF ACTION -FRAUD BY NONDISCLOSURE**

5.1     SAHA repeats and realleges the allegations set forth in paragraphs 1.1 through 4.13

5.2     SAHA is informed and believe and thereon allege that when BARTON knew or had reason to know that prior to his lawsuit, he affirmatively gave Counterclaimants

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
*Page 13*

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

and/or third parties consent to receive text messages and phone calls from Counterclaimants' and third party providers.  BARTON took no action to correct that opt-in information

5.3     To the extent that BARTON did not wish to receive text messages and/or phone calls at the alleged 360 phone number, he intentionally concealed from or failed to disclose that fact to Counterclaimants.  Because BARTON was the person with the most knowledge related to whether he wished to receive text messages and phone calls at his phone number, and because he was well aware of potential liability under the TCPA (based on his multiple lawsuits), BARTON had a duty to disclose to SAHA his desire not to receive such contact.

5.4     BARTON's failure to disclose his desire to not receive text messages and phone calls was material because he knew that Counterclaimants had received an opt-in notice from BARTON for the alleged phone number

5.5     By failing to disclose his desire to not receive text messages and phone calls BARTON intended SAHA to fulfill their contractual obligation with third parties who would then send BARTON text messages that all believed had been requested by BARTON.

5.6     Despite knowing about BARTON's opt-in and failure to disclose to SAHA that BARTON did not want to receive text messages or phone calls, BARTON claimed that those messages were "unsolicited" in his lawsuit

5.7     Knowing BARTON had no intention of seeking SAHA's services BARTON purposely engaged SAHA from one of its solicitations and caused SAHA to further interact with BARTON.

5.8     SAHA expended both employee time, attorneys fees, and other resources to fulfill its contractual obligations based on BARTON's failure to disclose.

AND COUNTERCLAIM
Page 14

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

## CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION

6.1     SAHA repeats and realleges the allegations set forth in paragraphs 1.1 through 5.8

6.2     BARTON  supplied information to SAHA to entice SAHA to act on it, namely to contact him for services.

6.3     BARTON had no intention of seeking the services provided by SAHA and its agents.

6.4     BARTON knew or should have known that the information was supplied to SAHA for the purpose of engaging them in a business transaction

6.5     BARTON, if not purposeful, was negligent in communicating that information

6.6     BARTON knew or should have known that SAHA would rely on the information being provided for a business transaction

6.7     BARTON knew or should have known that in receiving such contact information from BARTON, that SAHA or its agents would contact BARTON seeking to engage in a business transaction.

6.8     BARTON knew at the time he provided that information that BARTON did not intent on entering into a business transition.

6.9     BARTON knew or should have known that SAHA's relance on receiving contact information from BARTON was reasonable.

6.10     BARTON knew or should have known that giving SAHA his contact information when he did not intend to enter into a business transaction with SAHA damaged SAHA as set forth herein.

ANSWER TO SECOND AMENDED COMPLAINT
AND COUNTERCLAIM
Page 15

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

1

## CONCLUSION AND REQUEST FOR RELIEF

2

3          Counterclaimants request that the Court enter a judgment that BARTON is liable for

4    common-law fraud and fraud by non-disclosure, negligent misrepresentation and award

5    Counterclaimants' actual damages, exemplary damages, interest, costs, attorneys' fees and all

6    other relief that this Court finds fair and just.

7     DATED: April 5,  2022

8                                          s/Donna Gibson
                                           Donna Gibson, WSBA #33583
9                                          Law Office of Donna Beasley Gibson
                                           1204 Cleveland Ave
10                                         Mount Vernon, WA  98273
                                           (206) 242-5529
11                                         Fax:  (425) 332-7068
                                           donna@donnagibsonlaw.com
12

13                                   **VERIFICATION**

14

15   I, Purandar Amin, am the President of SERVE ALL, HELP ALL, INC..  I declare that I

16   have reviewed the above Amended Answer and Counterclaim and that the facts contained

17   herein are true and correct to the best of my knowledge and belief.

18

19   _____

20   Purandar Amin

21

22

23

24

25

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529