UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SERVE ALL HELP ALL, INC.,<br><br>　　　　　　Defendant. | CASE NO. 3:21-cv-05338-BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se Plaintiff Nathen Barton's Motion to Reconsider, Dkt. 81, the Court's Order, Dkt. 80, which, among other rulings, granted Defendant SAHA's motion for leave to amend its answer and assert a counterclaim. Barton argues that the Court's decision imposes a "manifest injustice" on him, by permitting a counterclaim that he argues could have been filed in accordance with the Court's original scheduling order, Dkt. 18, which required amended pleadings by October 14, 2021. *See* Dkt. 81 at 2.

　　The Court considered and rightly rejected this exact argument in its prior Order. Dkt. 80 at 5–6. Barton filed his own second amended complaint well after the deadline for doing so. *See* Dkt. 45 (filed February 8, 2022). SAHA immediately filed an amended

ORDER - 1

answer and counterclaim. Dkt. 46. Barton moved to dismiss, and SAHA promptly withdrew its pleading. Dkt. 49. Barton then filed another motion seeking "Rule 11 sanctions" based on the withdrawn counterclaim. Dkt. 66. The Court denied those motions and tried to explain as clearly as possible that when a plaintiff amends his pleading after the deadline, he is not in a position to complain about his adversary's doing so in response. Dkt. 80.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary (11th ed. 2019).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of*

*Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

    Barton's Motion for Reconsideration does not meet this standard. There is no manifest error and no manifest injustice in permitting SAHA to do precisely what Barton was permitted to do. Barton's Motion is yet another filing in this case that is a waste of the Court's and the parties' time. It is DENIED. Barton is again strongly encouraged not to file repetitive, wasteful, frivolous motions. Future filings of this nature may result in sanctions.

    IT IS SO ORDERED.

    Dated this 28th day of June, 2022.

BENJAMIN H. SETTLE
United States District Judge