1

2
                                                    HON. BENJAMIN H. SETTLE
3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7

8
NATHEN BARTON,
9                                          Case No.: 3:21-cv-05338-BHS
            Plaintiff
10
                                           RESPONSE TO MOTION FOR
11   v.                                     SUMMARY JUDGMENT; CROSS
                                           MOTION FOR SUMMARY
12   SERVE ALL, HELP ALL, INC.             JUDGMENT ON COMPLAINT
            Defendants.
13                                          MSJ Noted for July 17, 2022
                                           CROSS-MOTION Noted for
14                                          August 5, 2022

15
     AND RELATED COUNTERCLAIMS
16

17

18       COME NOW Defendant SERVE ALL, HELP ALL, INC.  and respond to Plaintiff's

19   MOTION FOR SUMMARY JUDGMENT as follows;

20   **RESPONSE TO MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT**

21

22

23                    I.      INTRODUCTION

24       The primary purpose of the Telephone Consumer Protection Act (TCPA) is to

25   protect consumers from uninvited telephone solicitations. Plaintiff on the other hand

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

has initiated and manufactured the TCPA violations for which he now sues and by doing so has committed the crime of "fraud". By initiating contact and inducing Defendants to communicate with him- his actions were the *mens rea* and the design of a scheme that has produced twelve federal lawsuits since June of 2021. Defendant on the other hand was merely the instrumentality through which Plaintiff's scheme was manifested. Plaintiff is not the victim the TCPA was created to protect. In fact, Plaintiff is no more a victim than the person who fakes a fall in a grocery store, and then sues for personal injury. In such circumstances, the doors to the courthouse are closed, even if the party successfully manufactures a violation of a federal statute by their conduct, because one cannot invent their own lawsuit. *Beyond Systems, Inc. v. Kraft Foods, Inc.,* 777 F.3d 712, 718-19 (4th Cir. Feb. 4, 2015).

Not only has Plaintiff committed fraud, but he has also blatantly and obviously abused and manipulated the legal process and federal statute and openly brags about it. *See* pages taken from Plaintiffs website, https://tcpauniversity.com, attached to Declaration of Counsel as **Exhibit 1.** Plaintiff has devised a premeditated for-profit scheme to exploit a federal statute, as well as this Court's jurisdiction by manufacturing the very harm for which he now sues. This Court "has the power and the obligation to protect its jurisdiction from being misused" in such a manner. *Michael A. Crooker v. Credit Bureau Ass'N Northeast, et al,* Case No. 3:09-cv-240-KRG-KAP, Document 5, page 1 of 3 (W.D.P.A. Sep. 22, 2009) (Gibson, K.); 28 U.S.C. § 1651. Defendants, by their cross-motion, are asking the Court to acknowledge this obligation and exercise its power by entering Summary Judgement in Defendant's favor.

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 2*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

## II.      PRELIMINARY OBJECTIONS AND MOTION TO STRIKE ALLEGED EVIDENCE/FACTS IN MOTION AS NOT PROPERLY BEFORE THE COURT

Initially, plaintiff has presented a number of "facts" or evidence that are not properly before the court or are otherwise objectionable and defendant asks the court to strike that evidence and those statements.

The Federal Rules of Civil Procedure require that a party asserting a fact to support summary judgment cite to particular parts of materials in the record;  specifically Fed. R. Civ. P. 56(c)(a)(A) states that

(1)    Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

…

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

### a.      Yelp Review

Nowhere is this attached or presented to the court in any way, other than in the body of the motion and the body of his complaint, with a reference to a website.  Therefore this information is not in the court's record.  Further, there is no basis for the reliability or truthfulness of this review and the information should be stricken.  None of the parties can attest to the accuracy or truthfulness of the statement or whether the poster is truthful, or even identified.  The alleged yelp review is hearsay.  Fed. R. Ev. 802.   Additionally It is not

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 3*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

relevant to this case. Fed. R. Ev. 402. 403.  Nor can it be presented to show habit or routine practice.  Fed. R. Ev. 406.   Therefore, the references to this in the body of the motion should be stricken because it is not properly before the court.

**b. Alleged "sworn testimony" of Counsel**

(1) **Arguments and statements by lawyers are not evidence**. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls. (2) Questions and objections by lawyers are not evidence.

Washington Pattern Jury Instructions 3.7

It is the duty of the court to disallow statements of counsel as evidence. **Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment.** (Emphasis added).

*Trinsey v. Pagliaro*, D.C.Pa. 1964, 229 F.Supp. 647.  The unsworn statements, factual assertions, and arguments of counsel are not evidence…Similarly, the statements made by counsel in an unsworn pleading or motion are not evidence." *Gentile Co., LLC v. The Bright Star Restaurant, Inc.* (Ms. 2150901, Oct. 14, 2016_ ___ so. 3d. ___ (Ala. Civ. App. 2016)

Therefore, any statement made by counsel in an email sent by counsel is not admissible or sufficient for summary judgment.  It is improper for Plaintiff to assert such and to present such evidence at summary judgment or any other time.

c.    **Opposing Counsel's March 30 Email – from J.P. De La Vega"**

As addressed above, statements of counsel are not statements of client, not sworn statement, not testimony, not any part of discovery.  Further, an **<u>unsworn</u>** statement by a representative in an email from counsel is not "testimony" and is not evidence.   Defendant relies on the argument in section (b). This should be stricken.

d.    **Excerpt from March 29 email" on page 10**

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
Page 4

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

As addressed above, statements of counsel are not statements of client, not sworn statement, not testimony, not any part of discovery.   Defendant relies on the argument in section (b).This should be stricken

e.     **Excerpts from Admissions in the body of the motion also referred to as "SAHA testimony""**

The admissions excerpted within the body of the summary judgment motion are not properly before the court, nor are they properly made part of the record.  Without telling Barton how they should be presented to the court (which is not defense counsel's obligation or duty), this information has not been properly presented to the court or made part of the record in this case in the proper manner.  Therefore it should be stricken.

f.     **Exhibit F**

Barton's declaration at paragraph 30 refers to an exhibit F, a registration email, however there is no exhibit F filed.  Therefore, any reference to material allegedly contained in Exhibit F should not be considered by the court as they are not part of the record.  Even if Barton attaches that to his Reply, it should be stricken because defendant has not been given an opportunity to review it prior to writing its response.

Therefore, defendant respectfully asks this court to strike the objectionable material addressed above.

## III.     SUMMARY OF FACTS

Plaintiff has employed a sophisticated scheme to manufacture TCPA violations and sue for compensation.

### A. Plaintiffs Scheme to Create TCPA Lawsuits

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 5*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

Plaintiff has devised a scheme to create a for-profit business by manufacturing TCPA violation against unsuspecting callers, and even offers "comprehensive consultancy services" through his website to help others employ this scheme; a scheme recently recognized by this Court in *Barton v. LeadPoint Inc.*, C21-5372 BHS, (W.D. Wash. Feb. 1, 2022). Plaintiff openly promotes his scheme by stating, "By knowing your rights and <u>a few tricks of the trade,</u> you can finally stand up to invasive Telemarketers and collect tens of thousands of dollars in compensation". **See Exhibit 1** to Declaration of Counsel, (Emphases added). Plaintiff openly brags on the TCPA University website stating, "I have been taking telemarketing companies like this to court one phone number at a time, resulting in enormous compensation for the damages. I'm talking several tens of thousands of U.S. dollars, folks, and it keeps corning." Not only does Plaintiff's scheme shows a sophisticated understanding of the TCPA and a willingness to manipulate information for personal profit, but Plaintiff himself promotes his scheme as a time tested, well established and proven means of obtaining financial gain. This is evident is his statement, "Nathan Barton, founder of University, leverages several years of personal experience, extensive research, and a track record of successful lawsuits". See **Exhibit** 1 to Declaration of Counsel. Plaintiff has even gone as far as to boast of his financial conquests by posting pictures of settlement checks on social media. *See* **Exhibit 2** to Declaration of Counsel.

This is further evidenced by an email sent to defendant. In that email, Barton blatantly states:

> Hi Folks,
> I am sorry, I am not really interested in loan modification. A couple days ago I got an illegal robocall and I played along to see who it was and unfortunately it was you folks.

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 6*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

I have a mission, to get rid of robocalls. Just today I dropped by my courthouse to file these. You can see they are all different defendants.
If you folks would like to talk it over, I am willing. Otherwise, within in a few weeks I will be down there for your company.

*See* **Exhibit 3** to Declaration of Counsel, Declaration of Carlos Cotta's Exhibit A,

Declaration of Purandar Amin's Exhibit B.

In order to successfully pull off this scheme, one must be able to hide his identity, so that the perpetrator can deny consent and therefore, claim TCPA violations. The scheme begins with the purchase of previously owned cell phone numbers. **See Exhibit 4** to Declaration of Counsel, a screenshot from Plaintiff's Facebook page, in which Plaintiff recommends a company named Correoschile that was able to unlock a used phone Plaintiff had purchased. These recycled phone numbers when entered into any of the various record search services such as Beenverified, Spokeo, Trutherfinder, and may others, will produce information regarding the previous owner. With this information anyone can opt into an online marketing campaign and disguise their identity so as to make it appear that someone other than themselves has provided consent to be contacted; hence the "tricks of the trade", referenced by Plaintiff. The unsuspecting caller has been given a real name, a real email address and possibly a physical address as well; all of which belonged to the previous owner of the phone number. The potential defendant has no way of knowing he or she is walking into a trap. The caller, believing that a legitimate consumer has inquired about the products or services advertised and contacts the person at the number provided only to find they have been deceived.

Since June of 2021, Plaintiff's scheme has generated twelve federal lawsuits all involving the TCPA in this jurisdiction alone, as well as numerous state court cases. See screenshot of Pacer case search attached to Declaration of Counsel as **Exhibit 5**

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 7*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

Plaintiff has claimed damages in at least five lawsuits using phone number (360) 910-1019.

Defendants, Serve All, Help All, Inc., in this suit, are a non-profit agency which offers assistant to homeowners facing foreclosure.   *See*  **Exhibit** 6 to Declaration of Counsel.  Part of what they do is purchase information through a company that gathers public record information when Notice of Default and Notice of Trustee Sales are filed.   Some of the information purchased is the phone number associated with the address on the notices.   Serve All, Help All, Inc. has a registered "dba", a fictitious name registered to it, "Non Profit Alliance of Consumer Advocates*". See, Exhibit E to Barton's motion*, Dkt 69-5.

At the time of the purchase of information which provided defendant with the number (360) 910-1019,  the number was associated with a Mr. Wilder.

On February 15, 2021, defendant placed an automated call to (360) 910-1019. That was an informational call, to Mr. Wilder, providing information and inviting him to talk to a representative, which required action on the part of the listener to be connected. **See Declaration of Purandar Amin.**  Barton admits in his Complaint Dkt1, Amended Complaint, Dkt 8 and Second Amended Complaint, Dkt 45  and in his Declaration, Dkt. 70, that he spoke to a live person.   He then provided his name, phone number, address and email address, thereby *inviting and consenting to further contact*,  which resulted in an email from a representative of Nonprofit Alliance of Consumer Advocates.  *He claims in his declaration that he told the person that was his son's phone number, however, in the recording on the link provided in his Complaint, yet he provides this number.  **See** Declaration of Counsel

Barton then responds to the email from NACA the following:

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 8*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

I am sorry, I am not really interested in loan modification. A couple days ago I got an illegal robocall and I played along to see who it was and unfortunately it was you folks.

I have a mission, to get rid of robocalls. Just today I dropped by my courthouse to file these. You can see they are all different defendants.

If you folks would like to talk it over, I am willing. Otherwise, within in a few weeks I will be down there for your company.

***See Exhibit A to  Declaration of Carlos Cotta.***  This is further evidence of Plaintiff's

scheme to "trap" defendants for the purpose of filing lawsuits for monetary gain.

## IV.    ISSUES PRESENTED

1. Should the Court strike the evidence requested when it is not properly before the court?
   **Short Answer: Yes**

2. When Plaintiff is not a member of the class of persons the TCPA was designed to protect and has not suffered the type of harm the TCPA was designed to prevent, should his TCPA claims be denied?

   **Short Answer: Yes**

3. When Plaintiff cannot establish he suffered any "actual" violation of a protected interest under the TCPA, should the court find he lacks Article II standing when he has no expectation of privacy?
   **Short Answer: Yes**

4. When Defendant is a California Non-Profit Agency, is it exempt from the TCPA?
   **Short Answer: Yes**

5. If Defendant is exempt from the TCPA and the text of the WADAD is essentially similar, is defendant exempt from the WADAD?
   **Short Answer: Yes**

6. Is injuctive relief not available when there are no violations of the TCPA?
   **Short Answer: Yes**

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 9*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

7. Is Plaintiff entitled to damages to his reputation when he recorded the call and posted it on Youtube?
   **Short Answer: Yes**

8. Should the Court deny plaintiff summary judgment when there are no material facts in dispute that prove his case?
   **Short Answer: Yes**

9. Should the Court grant defendant summary judgment when there are no material facts that support plaintiff's claims
   **Short Answer: Yes**

## V.    RELIEF REQUESTED

Defendant respectfully requests this court (1) strike the objectionable evidence in Plaintiff's summary judgment motion, (2) deny Plaintiff's motion for summary judgment, and (3) grant summary judgment in favor of Defendant and dismiss all claims in Plaintiff's second amended complaint.

## VI.    AUTHORITY

**Standard on Rule 56 Motion**

Under Federal Rule of Civil Procedure 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,248 (1986). A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *See Id.*

The moving party bears the initial responsibility for informing the Court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 10*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317,323 (1986).

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *see also Liberty Lobby,* 477 U.S. at 250. Mere speculation or conclusory assertions are insufficient to raise a genuine issue of material fact. *See Gasaway v. Northwestern Mut. Life Ins.* Co., 26 F.3d. 957, 960 (9th Cir. 1994).

## VII.   ARGUMENT

Plaintiff has recently been before this court in his suit against LeadPoint, et al, and in dismissing his claims in that case, the Court cited to  an FCC  order interpreting the TCPA, where the FCC observed that

> persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. Hence, telemarketers will not violate our rules by calling a number which was provided as one at which the called party  wishes to be reached.

See,  *Barton v. Lending Point, et al.,*  3:21-cv-05372-BHS, Order on Motion for Summary Judgment, citing7 F.C.C. Rcd. 8752 ¶ 31 (1992).  This Court has already struck down one of plaintiff's frivolous cases and it should not continue to entertain his baseless cases in this litigation.

**A.   Barton's Motion For Summary Judgment Should Be Denied And Defendant's Cross-Motion For Summary Judgment Should Be Granted Because Barton Lacks Standing To Bring This Action**

**1.**   <u>Plaintiff is not a member of the class of persons the TCPA was designed to protect and has not suffered the type of harm the TCPA was designed to prevent.</u>

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 11*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

Plaintiff's claims fail because he is not a member of the class of persons the TCPA was designed to protect, and he did not suffer the type of harm the TCPA was designed to prevent. In short, Plaintiff is not a victim.

> It is a fundamental principle of tort law that the violation of a statute will subject the violator to liability if the person harmed was a member of the class the statute was designed to protect against the harm the statute was designed to prevent.

*Yitzchok Majerowitz v. Stephen Einstein & Associates, P.C.,* No. 12 CIV. 4592 ILG RLM, 2013 WL 4432240, at *3 (E.D.N.Y. Aug. 15, 2013) (granting defendant's motion for summary judgment and dismissing claims under the FDCPA where plaintiff did not suffer the type of harm the statute was designed to prevent). "Consequences cannot alter statutes but may help to fix their meaning. Statutes must be so construed, if possible, that absurdity and mischief may be avoided." *In re Rouss,* 221 N.Y. 81, 91, 116 N.E. 782 (1917) (Cardozo, J.); *See also Holy Trinity Church v. United States,* 143 U.S. 457, 459, (1892) ("It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers."); John F. Manning, The Absurdity Doctrine, 116 Harv. L.Rev. 2387 (2003).

The TCPA was not created so that that Plaintiffs could profit from it and create and teach such schemes as TCPA University. Likewise, it was never designed to protect a person from the receipt of calls he or she wanted and expected to receive for the purpose of profit. "The TCPA is a remedial statute that was passed to protect consumers from *unwanted* automated telephone calls." *Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265,271 (3d Cir. 2013) (collecting cases) (emphasis added). The TCPA was enacted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 12*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S.Rep. No. 102-178, at 1 (1991), reprinted in 1991 U.S.C.C.A.N. 1968. The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls. *See Id.* at 2.

When enacting the TCPA, Congress found that "unrestricted telemarketing can be an intrusive invasion of privacy" Congress reported, "[m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes." *See Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740, 746 (2012).

Comments made on the Senate floor by Senator Hollings, the TCPA's sponsor reflect the intended scope of the Act:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.
> ….
> The substitute bill contains a private right-of-action provision that will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in State Court against any entity that violates the bill. The bill does not, because of constitutional constraints, dictate to the States which court in each State shall be the proper venue for such an action, as this is a matter for state legislators to determine.
>
> Nevertheless, it is my hope that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court.

137 Cong. Rec. 30821-30822 (1991).

Here, Plaintiff is the polar opposite of the hypothetical consumer described by Senator Hollings who is woken up by calls in the morning, interrupted at dinner, forced to get out of bed, and "hound[ed]" until he wants to "rip the telephone right out of the wall." Far from ripping his phone out of the wall, Plaintiff purchased used cellular phones and carries them with him, careful not to miss a single telephone call. Plaintiff purposely

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 13*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

provides his phone number so as to receive calls for which he can claim TCPA violations and for which he can make settlement demands.

Not only that, here, Plaintiff records and posts on Youtube the recording of the initial call. How else would he be able to do that if he were not laying in wait? *See* Declaration of Counsel.

Plaintiff does not view the receipt of calls and text messages as an invasion of a privacy, but rather as an opportunity for profit. Referring the Court to the responsive email sent to Non Profit Alliance of Consumer Advocates, found in the exhibit to the Declaration of Carlos Cotta. In short, Plaintiff shares none of the privacy concerns the TCPA seeks to protect because Plaintiff wants to receive calls. Not only that, in his Amended Complaint, at Dkt. Accordingly, Defendants are entitled to judgment in this case.

**2.     Plaintiff lacks Article III standing to assert a claim**

Plaintiff has not suffered an injury in fact that would confer Article III standing under the TCPA. Article III of the U.S. Constitution limits the jurisdiction of United States District Courts to actual "claims or controversies." To establish Article III standing, a plaintiff must satisfy three elements: (1) "injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) causation "there must be a causal connection between the injury and the conduct complained of"; and (3) redressability-"it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (internal quotation marks, citations, and footnote omitted). The "injury must affect the plaintiff in a personal and individual way." *In re Google Inc. Cookie Placement Consumer Privacy Litig.,* No. 13-

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 14*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

4300, 2015 WL 6875340, at *4 (3d Cir. Nov. 10, 2015). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan,* 504 U.S. 555, 562.

Plaintiff has not and cannot establish an invasion of a legally protected interest the purported violation of a privacy right under the TCPA - that is "actual or imminent." *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012) (recognizing that the purpose of the TCPA is to remedy "certain practices invasive of privacy" and "intrusive nuisance calls"). Notably, Plaintiff does not allege that he suffered, nor does he seek any actual damages in this case, but rather, Plaintiff's entire purported injury is premised upon a bare statutory violation for which he seeks statutory damages. Yet, Plaintiff's claim is not premised upon any actual harm; his claim does not involve any actual violation of a privacy interest protected by the TCPA, because Plaintiff's entire scheme is designed to invite calls that he would otherwise not have receive. Thus, Plaintiff cannot establish any expectation of privacy regarding the phones purchased and used in his for profit TCPA scheme. *See, e.g., Sunbelt Rentals, Inc. v. Victor,* 43 F. Supp. 3d 1026, 1034 (N.D. Cal. 2014) ("A plaintiff pursuing an invasion of privacy action must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have engaged in conduct which manifests a voluntary consent to the invasive actions of defendant."). Plaintiff's conduct and statements do not show that Plaintiff conducted himself in a manner consistent with an actual expectation of privacy, but rather as a person who in the Plaintiffs own words knew "a few tricks of the trade" and used those tricks to exploit federal law for profit.

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 15*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

Accordingly, Plaintiff cannot establish he suffered any "actual" violation of a protected interest under the TCPA that would confer Article III standing as he had no actual expectation of privacy. Simply put, any calls and/or text messages Plaintiff may have received were not invasion of privacy, but rather business opportunities. Plaintiff lacks Article III standing under the TCPA and therefore, the Court should grant judgment for Defendants.

**B. Barton's Motion For Summary Judgment Should Be Denied And Defendant's Cross-Motion For Summary Judgment Should Be Granted Because Defendant Is Exempt From The TCPA**

**1.  Defendant is a California Non-Profit Agency and is Exempt from the TCPA**

Attached as **Exhibit 6** to Defense Counsel's declaration are copies of the paperwork filed with the State of California, registering defendant as a California non-profit corporation. Defendant is a "tax-exempt non-profit organization" and is exempt from the TCPA.

*Tax-Exempt Nonprofit Organization Calls to a Residence*

13. *Callers.* The Commission has exempted calls made by or on behalf of a tax-exempt nonprofit organization from the prohibition on using an artificial or prerecorded voice to deliver a message to a residential telephone line. The Commission agrees that this exemption remains in the public interest and should be retained subject to conformance with the requirements of the TRACED Act.

14. *Called parties.* The Commission concludes that the exemption for tax-exempt nonprofit organizations already satisfies the TRACED Act's requirements with respect to the "classes of parties that may be called" because this exemption applies only to calls made to residential telephone lines.

15. *Number of calls.* The Commission limits the number of calls that can be made pursuant to the exemption for calls by tax-exempt nonprofit organizations to three artificial or prerecorded voice calls within any consecutive 30-day period. The Commission incorporates by reference the discussion relating to the number of calls that can be made pursuant to the exemption for calls not made for a commercial purpose, as well as the discussion on the timeframe and effective date for implementing mechanisms to comply with these requirements.

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
Page 16

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

*See, Limits on Exempted Calls Under the Telephone Consumer Protection Act of 1991, a Rule by the Federal Communications Commission,* Federal Register, 11443, 02/25/2021

This Rule was presented in February of 2021, and therefore supercedes any caselaw cited by Plaintiff prior to the Rule's enactment.

1.  **SAHA is a California non-profit and is therefore exempt from the TCPA.**

In his motion for summary judgment, Plaintiff asserts to the court that "Nonprofit Alliance" is not registered to SAHA., page 3, lines 20-21.   However, in his Second Amended Complaint he asserts that Serve All, Help All, Inc., ("SAHA") a California corporation, is doing business as ("dba") Nonprofit Alliance of Consumer Advocates ("NACA") with website https://nacalaw.org/.  They answer their phone "Nonprofit Alliance," which is a shorthand for Nonprofit Alliance of Consumer Advocates.  See **Declaration of Purandar Amin.**

But, in typical Barton fashion, he skews the facts to fit is purpose.  He wants this court to believe that  the documents provided by SAHA make clear that the robocall and ensuing telephone conversation is all a sales pitch for a mortgage application, with SAHA directly pocketing money.  That is not the case.   Barton also purports that because part of what SAHA and its dba NACA provide is "mortgage services."  They do not.  *See*, **Declaration of Purandar Amin. .**   Even if the court accepts Barton's improperly submitted evidence of the admissions of defendant, the admissions themselves support this as well.

2.  **Plaintiff has not proven a violation of RCW. 80.36.390**

Plaintiff has not proven a violation of RCW. 80.36.390 by SAHA.  Further, he was the plaintiff where this Court held, "The text of the WADAD "is substantially similar to its federal counterpart [ the TCPA], as its purpose" and so the TCPA and WADAD claims will

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 17*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

be considered together. *Barton v. J.M.S. Assoc. Mktg.* (W.D. Wash. 2021) citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012).  Yet Barton persists.

If such ruling holds, then none of the claims Barton has presented under RCW 80.36. *et seq,* would hold water, because, as addressed above, the TCPA does not apply to SAHA.

### 3.  Plaintiff has not proven a violation of RCW 80.36.400

Plaintiff has not proven a violation of RCW. 80.36.390 by SAHA.  Further, he was the plaintiff where this Court held, "The text of the WADAD "is substantially similar to its federal counterpart [ the TCPA], as its purpose" and so the TCPA and WADAD claims will be considered together. *Barton v. J.M.S. Assoc. Mktg.* (W.D. Wash. 2021) citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012).  Yet Barton persists.

If such ruling holds, then none of the claims Barton has presented under RCW 80.36.i et seq, would hold, because, as addressed above, the TCPA does not apply to SAHA.

### 4.  Plaintiff has not proven a violation of RCW 9.73.040

The exceptions to RCW 9.73.040are listed in RCW 9.73.030 and include;

(2) Where consent by all parties is needed pursuant to this chapter, **consent shall be considered obtained whenever one party has announced to all other parties engaged in the communication or conversation, in any reasonably effective manner, that such communication or conversation is about to be recorded** or transmitted: PROVIDED, That if the conversation is to be recorded that said announcement shall also be recorded.

RCW 9.73.030 emphasis added

Not only does Barton himself record the initial call, but he records the call and his interaction with SAHA/NACA and **posts it on the internet** on Youtube.  *See,* amended complaint, Dkt. 8, at page 3, lines 18-19.  How can he claim that is damage to his reputation?

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 18*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

This is a person who brags about setting up companies and suing them for violations of the TCPA?

5. **Plaintiff provided his contact information during the first call and thereby consented to all further calls.**

Plaintiff admits he chose to be connected upon the first call, interreacted, and provided his information on February 15, 2022.   Any calls afterwards were consented to. Therefore, there is no violation of TCPA 47 U.S.C. 227(c)(5) as alleged in his Second Amended Complaint, and prior versions.

6. **Plaintiff is not entitled to injunctive relief**

There is no basis for his request for injunctive relief.  He admits he "is not unique". There are no anticipated further violations because there were no prior violations.

7. **Plaintiff is not entitled to any damages, especially treble damages, because he hasn't' suffered any**

This is a claim that was filed, as discussed fully above, as part of Plaintiff's scheme to profit from the TCPA.  Further, the only damages that Barton fleshes out are damages to his reputation for recording the calls.  As discussed above, he recorded and posted to Youtube the entire call, inviting any damage, and then some, himself.

If anyone in this lawsuit is entitled to damages for their reputation, it is the defendant/counterclaimant, who has filed a counterclaim, which is not yet ripe for summary judgment because the plaintiff/counter defendant has not yet responded.

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 19*

Law Office of Donna Beasley Gibson PLLC
1425 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529

## VIII.   CONCLUSION

Defendant respectfully requests this court (1) strike the objectionable evidence in Plaintiff's summary judgment motion, (2) deny Plaintiff's motion for summary judgment, and (3) grant summary judgment in favor of Defendant and dismiss all claims in Plaintiff's second amended complaint.

Respectfully submitted this 10th day of July, 2022,

> s/Donna Gibson
> Donna Gibson, WSBA #33583
> Law Office of Donna Beasley Gibson
> 1415 Commercial Ave #209
> Anacortes, WA  98221
> (206) 242-5529
> Fax:  (425) 332-7068
> donna@donnagibsonlaw.com

RESPONSE TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION FOR SUMMARY
JUDGMENT
3:21-cv-05338-BHS
*Page 20*

Law Office of Donna Beasley Gibson PLLC
1415 Commercial Ave # 209
Anacortes, WA  98221
6-242-5529