# Exhibit M

EXHIBIT M
CASE NO 3:21-CV-05338-BHS

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Nathen Barton, <br><br> Plaintiff <br> v. <br> Serve All, Help All, Inc. <br><br> and <br><br> John Doe 1-10 <br><br> Defendant(s). | CASE NO. 3:21-CV-05338-BHS <br><br> **PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Plaintiff Nathen Barton ("Barton") respectfully submits the following Interrogatories to Defendant Serve All, Help All Inc. ("SAHA") in accordance with FRCP 33.

SAHA is requested to produce its responses to these Interrogatories ("Interrogatories" or "Requests") within thirty (30) days of service hereof, to Nathen Barton, 4618 NW 11th Cir, Camas WA 98607.

These Interrogatories shall be deemed continuing in accordance with FRCP 33, and require the filing of supplemental or amended responses or answers prior to trial in the event that additional or different information or documents become available or are obtained. Plaintiff

reserves the right to serve supplemental or additional Interrogatories. In answering these Interrogatories you are required to furnish all information which is available to you or your legal representatives, by whatever means, not merely such information known of your own personal knowledge. If you claim privilege for any reason in response to any Interrogatory, provide the following information with respect to the response: the persons with knowledge of the subject matter; description of the subject matter; recipients of the subject matter; and nature of the privilege relied upon.

## INSTRUCTIONS

A. Each Interrogatory is to be answered fully based on information which is in your possession.

B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Every Interrogatory herein shall be deemed a continuing interrogatory and information in addition to or in any way inconsistent with your initial answer to such Interrogatory.

## **Definitions**

A. "SAHA", "you", "your", or "yourself," means Serve All, Help All Inc., and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, volunteers, and any other persons or entities acting or purporting to act on behalf of Serve All, Help All Inc.

BARTON V. SAHA - PLAINTIFF'S SECOND REQUEST FOR INTERROGATORIES NATHEN BARTON
CASE NO. 3:21-CV-05338-BHS            Page 2 of 6            4618 NW 11th Cir
                                                             CAMAS WA 98607

B. "Person", "persons," "people", and "individual" means any natural person, together with all federal, state, county, municipal and other government units, agencies or public bodies, as well as firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

C. "Document," "documents," and "writing" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

D. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

E. "Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

F. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way

legally, logically, or factually connected with the matter discussed, directly or indirectly.

G. "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency.

H. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to teach such document:

    1. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    2. The identity or descriptive code number, file number, title or label of such document;

    3. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    4. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

    5. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    6. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

I. Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

J. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were must recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

K. All of the following interrogatories shall be continuing in nature until such date as the Court determines, and you must supplement your answers as additional information becomes known or available to you.

**NOTE**

**IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL OR EMAIL PLAINTIFF BEFORE OBJECTING, IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT.**

### INTERROGATORIES

**INTERROGATORY NO. 7:** Between the dates of July 10, 2020 and July 1, 2021, what is the total number of times you used the autodialer mentioned in your answer to Interrogatory #3 (in the first set of Interrogatories) to initiate a call to (360) 910 1019.

**ANSWER:**

The dialer made to 360-910-1019. Here are the dates & times. It was placed on the dialer DNC list on 2-25-21, and there were no subsequent calls thereafter.

| Call ID | Phone | Date | Time | Duration |
|---|---|---|---|---|
| 18446222243 | 13609101019 | 2021-02-15 | 16:49:17.962290-08:00 | 492 |
| 18446222243 | 13609101019 | 2021-02-19 | 16:05:25.801715-08:00 | 86 |
| 18446222243 | 13609101019 | 2021-02-22 | 14:48:40.139507-08:00 | 353 |

### CERTIFICATE OF SERVICE

I hereby certify that on October 31 2021, I caused a true copy of the foregoing "PLAINTIFF'S SECOND REQUEST FOR INTERROGATORIES" to be served via email to Donna Beasley Gibson at email address donna@donnagibsonlaw.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing statements are true and correct.

                _____s/ Nathen Barton_____
                 Nathen Barton
                 4618 NW 11th Cir
                 Camas WA 98607
                 Farmersbranch2015@gmail.com

BARTON V. SAHA - PLAINTIFF'S SECOND REQUEST FOR INTERROGATORIES   NATHEN BARTON
CASE NO. 3:21-CV-05338-BHS     Page 6 of 6        4618 NW 11th Cir
                               CAMAS WA 98607

## VERIFICATION

I, Purandar Amin, am the President, for defendant SERVE ALL, HELP ALL, INC., have reviewed the Answers to Plaintiff's Second Set of Interrogatories. I declare under penalty of perjury under the laws of the State of Washington that foregoing is true and correct to the best of my knowledge and information.

Dated this 1st day of February, 2022 at Costa Mesa, California.

*/s/ Purandar R. Amin*

Purandar Amin