1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

NATHEN W. BARTON,                             CASE NO. 3:21-cv-5338 RJB

11

                          Plaintiff,          ORDER ON CROSS MOTIONS
                                              FOR SUMMARY JUDGMENT
12           v.

13      SERVE ALL HELP ALL INC,

14                        Defendant.

15

16          This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt.

17      69) the Defendant's Cross Motion for Summary Judgment on Complaint (Dkt. 87), the Plaintiff's

18      motion to strike (Dkt. 94) and the Defendant's motion to strike (Dkt. 87). The Court has

19      considered the pleadings filed in support of and in opposition to the motions and the file herein.

20          The Plaintiff, *pro se,* brings this case alleging violations of the Telephone Consumer

21      Protection Act, 47 U.S.C. § 227, *et. seq.,* ("TCPA") and state law in connection with calls made

22      to a mobile phone number. Dkt. 45. The Plaintiff moves for summary judgment. Dkt. 69. The

23      Defendant, Serve All Help All Inc. ("SAHA") cross moves for summary judgment arguing that

24      the Plaintiff cannot show that he has standing under Article III to the U.S. Constitution to sue for

1   damages under the TCPA.  Dkt. 87.  (Standing under Article III pertains to a federal court's

2   subject-matter jurisdiction and so is properly raised in a motion to dismiss under Federal Rule

3   Civil Procedure 12(b)(1); *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000)).  Accordingly, the

4   Defendant's motion for summary judgment regarding standing should be construed as a motion

5   to dismiss under Rule 12(b)(1).

6       The Court notes that contrary to Local Rule W.D. Wash. ("Local Rule") 7(b)(1), neither

7   party filed a proposed order with their motions.

8           I.   **PRIOR CASES, FACTS AND PROCEDURAL HISTORY**

9       **A. PLAINTIFF'S PRIOR CASES**

10      This is one of over a dozen federal cases filed by Plaintiff, *pro se,* alleging violations of

11  the Telephone Consumer Protection Act ("TCPA").  *Barton v. LeadPoint Inc., et al*., No. 3:21-

12  cv-05372-BHS (W.D. Wash.); *Barton v. DirecTV LLC,* No. 3:21-cv-05423-BHS (W.D. Wash.);

13  *Barton v. Asset Realty LLC*, et al., No. 3:21-cv-05462-RJB (W.D. Wash.); *Barton v. The Rian*

14  *Group Inc., et al*., No. 3:21-cv-05485-BHS (W.D. Wash.); *Barton v. JMS Associate Marketing*

15  *LLC*, et al., No. 3:21-cv-05509-RJB (W.D. Wash.); *Barton v. Delfgauw, et al.*, No. 3:21-cv-

16  05610-JRC (W.D. Wash.); *Barton v. LendingPoint LLC, et al.*, No. 3:21-cv-05635-BHS (W.D.

17  Wash.); *Barton v. American Protection Plans LLC*, No. 3:21-cv-05669-BHS (W.D. Wash.);

18  *Barton v. SelectQuote Insurance Services*, No. 3:21-cv-05817-BHS (W.D. Wash.); *Barton v.*

19  *America's Lift Chairs LLC et al*., No. 3:21-cv-05850-BHS (W.D. Wash.); *Barton v. Sopi*

20  *Financial LLC*, et al., No. 3:21-cv-05934-RJB (W.D. Wash.); *Barton v. Allstate Insurance*

21  *Company*, et. al., No. 3:22-cv-5260-JRC; and *Barton v. Litigation Practice Group PC, et al.*,

22  3:22-cv-05483-TLF.  He has also filed TCPA cases in other U.S. District Courts (*See e.g. Barton*

23  *c. Associated Credit and Collection Bureau Inc.*, No. 3:05-cv-00251 (N.D. Texas)) and in

24

1    Washington state court (*See e.g. Barton v. Laurent, et. al.,* Clark County, Washington District

2    Court case number 20-S-000529)).

3    **B.        FACTS RELATED TO THE CURRENT CASE**

4            In this case, the Plaintiff alleges in his Amended Complaint that on July 9, 2020, he

5    "registered and paid for a Washington State (360) telephone area cellular number to be primarily

6    used by his minor child." Dkt. 45 at 2.  He alleges that between December 1, 2020 and February

7    14, 2021, SAHA called the number.  *Id.*  He alleges that at least some of the calls were made

8    using automatic telephone dialing system and used a "pre-recorded or artificially generated voice

9    and message" system.  *Id.*  The Plaintiff makes claims under the TCPA and Washington law

10   seeking damages.  *Id.*  The Defendant counterclaims for fraud and negligent misrepresentation

11   and seeks damages, attorney's fees and costs.  Dkt. 82.

12           The Plaintiff moves for summary judgment based on three calls made on February 15,

13   2021, February 19, 2021, and February 22, 2021.  Dkt. 69.  The Defendant moves to dismiss the

14   case, arguing that the Plaintiff does not have standing because he cannot show that he has been

15   "injured in fact" as he has not brought it to protect a privacy interest but to make money.  In

16   support of its motion to dismiss, the Defendant attaches screen shots from a "TCPA University"

17   website (Dkt. 90-1 at 2-11) and screen shots purportedly of Plaintiff's Facebook (90-2 at 2-4).

18           The Defendant also moves for summary judgment and argues that the Plaintiff's motion

19   for summary judgment should be denied because it is a non-profit organization that is exempt

20   from the TCPA and state law claims, the Plaintiff consented to the calls, he is not entitled to

21   injunctive relief and he has not suffered any damages.  Dkt. 87.  The Defendant additionally

22   moves to strike certain portions of the evidence offered by the Plaintiff in support of his motion.

23   *Id.*

24

The Plaintiff replies and contends that he is entitled to summary judgment.  Dkt. 94.  He also moves to strike various portions of the Defendant's response and certain portions of evidence offered in support of the response.  *Id.*

**C.   ORGANIZATION OF OPINION**

This opinion will first address the parties' motions to strike, then the Defendant's motion to dismiss for lack of standing and lastly, the cross motions for summary judgment.

**II.   <u>DISCUSSION</u>**

**A.  MOTIONS TO STRIKE**

The Plaintiff's motion to strike the declaration of Defendant's attorney Donna Gibson (Dkt. 94) should be denied, in part and granted, in part.

To the extent that the Plaintiff moves to strike the portion of counsel's declaration and attached screen shots of TCPA University website or the Facebook page, his motion should be denied.

The Plaintiff maintains that he has "testified that he did not publish content on TCPA University and [Diana] Bartolme has testified that she did."  Dkt. 94.  The Plaintiff points to pleadings he filed in *LeadPoint* to argue that he is not connected with the TCPA University website.  *Id.*  The Plaintiff argues that the other documents at issue are not from his Facebook page and that counsel has not authenticated the documents "nor could she because the documents in Exhibit 2 have 'TCPA University' written on them." *Id.*

Defense counsel has laid an adequate foundation for consideration of both the website and Facebook screen shots for purposes of these motions.  Plaintiff's declarations are self-serving, and these screen shots are relevant.  To the extent that the Defendant relies on the TCPA University website and/or the Facebook screen shots evidence to refute the Plaintiff's motion for summary judgment, "[a]t the summary judgment stage, we do not focus on the admissibility of

the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *JL Beverage Co., LLC v. Jim Beam Brands Co*., 828 F.3d 1098, 1110 (9th Cir. 2016) (permitting evidence that is inadmissible in form as long as it is possibly admissible at trial).

To the extent that the Plaintiff moves to strike Exhibit 4 to counsel's declaration (Dkt. 90-4 at 2) his motion should be granted.  Exhibit 4, which discusses a "Correoschile," has not been shown to be relevant.

The Plaintiff's motion to strike various sections of the Defendant's response brief should be denied.  He repeats the arguments he makes regarding the evidence offered in support of Defendant's brief.

The Defendant's motion to strike (Dkt. 87) should be granted, in part and denied, in part. To the extent the Plaintiff seeks to offer evidence based on a YELP review, the motion to strike should be granted.  There is no showing that this evidence is relevant to any claim or defense or that it is in any manner reliable.

Plaintiff's motion to strike various statements and emails from the Defendant's lawyer, which are cited in the Plaintiff's motion as evidence, should be granted for purposes of this motion alone.  Statements of counsel are not evidence; the Defendant's lawyer is not a witness.

The motion to strike "SAHA testimony" in Plaintiff's brief should be denied, in part, and granted, in part.  To the extent that the Plaintiff points to admissions made in responses to interrogatories as "SAHA testimony," the motion should be denied.  To the extent that the Plaintiff points to other "testimony" the motion should be granted.  Lastly, the motion to strike Plaintiff's "Exhibit F" should be granted.  "Exhibit F" is left blank.

The motions to strike (Dkts. 94 and 87) should be granted in part and denied in part as stated above.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 5

1          **B.  MOTION TO DISMISS STANDARD**

2          A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual

3    allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

4    Constitution, laws, or treaties of the United States, or does not fall within one of the other

5    enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

6    controversy within the meaning of the Constitution; or (3) is not one described by any

7    jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

8    *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

9    question jurisdiction) and 1346 (United States as a defendant).

10         When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not

11   restricted to the face of the pleadings but may review any evidence to resolve factual disputes

12   concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.

13   1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375,

14   1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until

15   plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375

16   (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore,

17   plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Stock West*, 873

18   F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th

19   Cir. 1979).

20

21

22

23

24

1    **C.  DEFENDANT'S MOTION TO DISMISS BASED ON A LACK OF STANDING**

2        Article III of the U.S. Constitution "limits federal judicial power to 'Cases' and

3    'Controversies.'"  *Van Patten v. Vertical Fitness GRP., LLC* 847 F.3d 1037, 1041 (9th Cir.

4    2017).  "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of

5    Article III."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Navajo Nation v. Dep't of the*

6    *Interior*, 876 F.3d 1144, 1160 (9th Cir. 2017).  "At an irreducible constitutional minimum,

7    standing requires the party asserting the existence of federal court jurisdiction to establish three

8    elements: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent;

9    (2) causation; and (3) a likelihood that a favorable decision will redress the injury."  *Wolfson v.*

10   *Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010)(*citing Lujan,* at 560-61).

11       Defendant argues that the Plaintiff cannot show that he has been "injured in fact" because

12   he has not shown that he has suffered a violation of a privacy interest that the TCPA was

13   intended to protect.  Dkt. 87.

14       The TCPA makes it "unlawful for any person within the United States . . . to make any

15   call (other than a call made for emergency purposes or made with the prior express consent of

16   the called party) using any automatic telephone dialing system or an artificial or prerecorded

17   voice . . . to any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. §

18   227(b)(1)(A)(iii).

19       "[I]n enacting the TCPA, Congress made specific findings that unrestricted telemarketing

20   can be an intrusive invasion of privacy and are a nuisance."  *Van Patten v. Vertical Fitness Grp.,*

21   *LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)(*internal quotation marks and citations omitted*).

22   "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and

23   disturb the solitude of their recipients."  *Id.*  A plaintiff asserting a violation under the TCPA need

24   not show any additional harm beyond the one Congress has identified.  *Id.*

1    The Defendant argues that the Plaintiff has not and cannot establish violation of a privacy

2  right under the TCPA.  Dkt. 87.  It argues that the Plaintiff has "initiated and manufactured the

3  TCPA violations for which he now sues."  *Id.* at 2.  The Defendant points to the TCPA

4  University website, the Facebook posts, and Plaintiff's extensive TCPA litigation history.  *Id.*  It

5  maintains that his "entire scheme is designed to invite calls that he would otherwise not have

6  received."  *Id.* at 15.  The Defendant contends that he cannot establish any "expectation of

7  privacy regarding phones purchased and used in his for profit TCPA scheme."  *Id.*

8    The Plaintiff argues that the Defendant's calls invaded his privacy.  He states that he

9  "obtained the phone number (360)-910-1019 primarily for the purpose of [his] son having a cell

10  phone," and not "for the purpose of filing TCPA lawsuits."  Dkt. 95 at 1.  He also points to an

11  email from him to the mother of his child, informing her of the number and of the service details

12  which is dated July 9, 2020.  Dkt. 94-17.

13    The Defendant's motion to dismiss based on a lack of standing should be denied.  There

14  are disputed facts as to why the Plaintiff brought this case and his other TCPA cases.  The

15  Defendant raises its counterclaims (like fraud or misrepresentation) and/or defenses (like its non-

16  profit status or the Plaintiff's consent to the calls) in an attempt to defeat the Plaintiff's assertion

17  of jurisdiction.  Under the current record before the Court, there are disputed facts as to these

18  issues.  A "[j]urisdictional finding of a genuinely disputed facts is inappropriate when the

19  jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is

20  dependent on the resolution of factual issues going to the merits of an action."  *Sun Valley Gas.,*

21  *Inc. v. Ernst Enters.,* 711 F.2d 138, 140 (9th Cir. 1983).  In short, Defendant's motion to dismiss

22  raises defenses to be proven at trial, but does not successfully attack Plaintiff's jurisdictional

23  showing at this stage with material facts in issue.  In short, Defendant's Motion to Dismiss (Dkt.

24  87) should be denied.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 8

1     **D.  SUMMARY JUDGMENT STANDARD**

2         Summary judgment is proper only if the pleadings, the discovery and disclosure materials

3    on file, and any affidavits show that there is no genuine issue as to any material fact and that the

4    movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The moving party is

5    entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

6    showing on an essential element of a claim in the case on which the nonmoving party has the

7    burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

8    of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

9    for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

10   (1986) (nonmoving party must present specific, significant probative evidence, not simply "some

11   metaphysical doubt.").  Conversely, a genuine dispute over a material fact exists if there is

12   sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve

13   the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986);

14   *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

15        The determination of the existence of a material fact is often a close question.  The court

16   must consider the substantive evidentiary burden that the nonmoving party must meet at trial,

17   which is a preponderance of the evidence in most civil cases.  *Anderson,* 477 U.S. at 254; *T.W.*

18   *Elect.,* 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the

19   nonmoving party only when the facts specifically attested by that party contradict facts

20   specifically attested by the moving party.  The nonmoving party may not merely state that it will

21   discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

22   to support the claim.  *T.W. Elect.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at

23   255).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts"

24   will not be "presumed."  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

1

### E. SUMMARY JUDGMENT DISCUSSION

2

First, Plaintiff's Motion for Summary Judgment (Dkt. 69) and Plaintiff's Response to

3 SAHA's Cross Motion for Summary Judgement (Dkt. 94), and supporting documents are a

4 confusing mess.  Even considering the leeway granted *pro se* parties' pleading, the Plaintiff's

5 showing is not sufficient to justify a summary judgment.  There are many facts and issues raised

6 by the Defendant that may defeat Plaintiff's claims that the record "shows that there is not

7 genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"

8 FRCP 56(a).  Besides Defendant's defenses raised in its Response to Motion for Summary

9 Judgment; Cross Motion for Summary Judgment on Complaint (Dkt. 87), and supporting

10 documents, fact issues remain that call for examination at trial, including 1) the relationship of

11 Plaintiff with Diane Bartolone, (2) the relationship of Plaintiff with his son's telephone use, and

12 whether Plaintiff is attempting to bring claims on his sons' behalf, (3) the details of Plaintiff's

13 TCAP University and tcapuniversity.com activities; (4) any basis for the Court to determine

14 discretionary damages; (5) Plaintiff's activities in other cases, etc.

15

In Defendant's Motion for Summary Judgment on Complaint and supporting papers,

16 Defendant raises many issues, but does not close issues under FRCP 56(a) by material facts not

17 in issue.

18

Defendant's Motion for Summary Judgment on Complaint (Dkt. 87) and Plaintiff's

19 Motion for Summary Judgment (Dkt. 69) should both be denied.  Perhaps during trial

20 preparation efforts, issues can be further answered.

21

### III.   ORDER

22

Therefore, it is hereby **ORDERED** that:

23

- The Plaintiff's motion to strike (Dkt. 94) **IS GRANTED, IN PART, AND**

24

    **DENIED, IN PART as stated herein;**

- The Defendant's motion to strike (Dkt. 87) **IS GRANTED, IN PART, AND DENIED, IN PART as stated herein**;

- The Defendant's motion to dismiss (Dkt. 87) **IS DENIED;** and

- The Plaintiff's Motion for Summary Judgment (Dkt. 69) and Defendant's cross motion for summary judgment (Dkt. 87) **ARE DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of September, 2022.

ROBERT J. BRYAN
United States District Judge