1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN W. BARTON,

                        Plaintiff,

      v.

SERVE ALL, HELP ALL, INC.,

                        Defendant.

CASE NO. 3:21-cv-05338-RJB

ORDER ON PLAINTIFF'S
MOTION TO COMPEL

     This matter comes before the Court on the Plaintiff's Motion to Compel.  Dkt. 103.  The

Court has considered the pleadings filed in support of and in opposition to the motion and the file

herein.

## I.     FACTS

     On May 7, 2021, the Plaintiff, *pro se*, filed this case alleging violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, et. seq., ("TCPA") and state law in connection with

calls made to a mobile phone number.  Dkts. 1 and 45.  The case slowly proceeded.

     In February of 2022, the Plaintiff served interrogatories and requests for admission on

SAHA.  Dkt. 52.  The Plaintiff's motion to compel responses to that discovery was denied on

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 1

1  June 16, 2022 because the Plaintiff failed to address what discovery he sought or why he was

2  entitled to it.  Dkt. 80.

3      After SAHA was permitted leave to amend its answer and assert counterclaims, on July

4  21, 2022, the Court issued an order and limited discovery to one set of interrogatories, one set of

5  requests for production, and one set of no more than 25 requests for admission.  Dkt. 96.  This

6  case was reassigned to the undersigned on August 24, 2022.

7      On September 7, 2022, the parties' cross motions for summary judgment were denied.

8  Dkt. 98.  The parties' agreed motion to amend to extend the discovery deadline was granted; the

9  discovery deadline is now January 12, 2023.  Dkt. 102.

10     On August 31, 2022, the Plaintiff propounded a set of interrogatories and requests for

11 production on SAHA.  Dkts. 104 and 104-11.  SAHA responded on September 30, 2022.  *Id*.

12 The parties communicated by email regarding those responses and, pursuant to Fed. R. Civ. P.

13 37(a)(1) and Local Rule for Western District of Washington ("Local Rule") 37(a)(1), conducted

14 a telephone call to try and resolve disputed issues.  Dkt. 104.  They were unsuccessful and this

15 motion followed.  Dkt. 103.  In his reply, the Plaintiff moves for a 55-day extension of the

16 discovery deadline.  Dkt. 108.  Trail is set to begin on April 11, 2023.  Dkt. 97.

17     This opinion will first address the motion to compel and then the motion for an extension

18 of the discovery deadline.

19                    **II.    DISCUSSION**

20 **A.  MOTION TO COMPEL**

21 Fed. R. Civ. P. 26(b)(1) provides:

22 Unless otherwise limited by court order, the scope of discovery is as follows: Parties may
   obtain discovery regarding any nonprivileged matter that is relevant to any party's claim
23 or defense and proportional to the needs of the case, considering the importance of the
   issues at stake in the action, the amount in controversy, the parties' relative access to
24

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976))."At the same time, discovery, like all matters of procedure, has ultimate and necessary boundaries.  Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.,* at 351-352.

Rule 37(a)(3)(B), provides in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to produce documents . . . as required under Rule 34."

### 1.  Requests for Production

The Plaintiff moves to compel responses to his requests for production, noting that as to Request for Production numbers 1-8, and 10-13, SAHA's response was "Counterclaimant objects to this request as it was already propounded on 2.22.22 with Counter defendant's first request for production dated 2.22.22 and answered."  Dkts. 103 and 104-11.  The Plaintiff points out that the responses to Request for Production numbers 28 and 29 indicate that "[a]ll documents will be produced if they have not already.  Please note that discovery is continuing and counterclaimant reserves the right to amend its answer accordingly."  *Id.*  SAHA does not dispute that it has not fully responded to these requests for production.  Dkt. 106.  It indicates that counsel is in possession of several documents after having retrieved them from its California

1   office.  *Id.*  It also states that its counsel became ill and was hospitalized and she has not returned

2   to work until today.  *Id.*

3          The Plaintiff's motion to compel answers to Requests for Production numbers 1-8, and

4   10-13 and 28-29, (Dkt. 103) should be granted.  SAHA should be given two weeks from the date

5   of this order to more fully respond to this discovery.

6          The Plaintiff fails to demonstrate why the response to Request for Production numbers 9,

7   14, 24-26 are inadequate.  As to those requests for production, his motion (Dkt. 103) should be

8   denied.

9                    **2.   Interrogatories**

10         The Plaintiff moves to compel a more complete response to Interrogatory number 10,

11  which refers to an explanation in a document that the Plaintiff maintains has not yet been turned

12  over.  Dkt. 104-11 at 12.  SAHA does not deny that this document has not been turned over.

13  Further, the Plaintiff's motion to compel an answer to Interrogatory numbers 15 and 21 have

14  merit.  SAHA's responses are non-responsive.  The Plaintiff's motion to compel a more

15  complete answer to Interrogatory numbers 10, 15 and 21 (Dkt. 103) should be granted.  SAHA

16  should be given two weeks from the date of this order to more fully respond to this discovery.

17         The Plaintiff also moves to compel answers to Interrogatory numbers 1-2 and 11-13 by

18  arguing that the responses given by SAHA did not answer the question.  Dkt. 104-11.  The

19  Plaintiff's cursory arguments are unpersuasive and do not provide any grounds to compel further

20  responses.  Additionally, the Plaintiff fails to show why the responses to Interrogatory numbers

21  7-8, 18-19, and 22-25 are inadequate.  His motion to compel further answers to these

22  interrogatories (Dkt. 103) should be denied.

23                 **3.   Interrogatory and Requests for Production from First Set of Discovery**

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 4

The Plaintiff also appears to be moving, once again, to compel responses to Interrogatory number 10 and Requests for Production numbers 10 and 17 from his first set of discovery (dated in February 2022). Dkt. 104-11 at 18. His motion to compel responses to these discovery requests were denied on July 21, 2022. Dkt. 96. The Plaintiff fails to point to sufficient ground for the Court to reconsider that order. His renewed motion to compel them (Dkt. 103) should be denied.

### 4.  Conclusion on Motion to Compel

The Plaintiff's motion to compel (Dkt. 103) should be granted as to Requests for Production numbers 1-8, 10-13 and 28-29 and Interrogatory numbers 10, 15 and 21. SAHA should be given two weeks from the date of this order to more fully respond to this discovery. The motion (Dkt. 103) should be denied in all other respects.

### B.  MOTION FOR EXTENSION OF THE DISCOVERY DEADLINE

In his reply, the Plaintiff moves for an extension of the discovery deadline. His motion (Dkt. 108) should be denied without prejudice. Motions raised in a reply brief do not comply with Local Rule 7 (b) and (d) and should not be considered.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

The Plaintiff's Motion to Compel (Dkt. 103) **IS:**

- o **GRANTED** as to Requests for Production numbers 1-8, 10-13 and 28-29 and Interrogatory numbers 10, 15 and 21. SAHA has two weeks from the date of this order to more fully respond to this discovery; and

- o **DENIED** in all other respects; and

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 5

1    The Plaintiff's motion for an extension of the discovery deadline (Dkt. 108) **IS DENIED**

2  **WITHOUT PREJUDICE**.

3    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

4  to any party appearing *pro se* at said party's last known address.

5    Dated this 19th day of December, 2022.

6

7    ROBERT J. BRYAN
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 6