1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

NATHEN W. BARTON,

CASE NO. 3:21-cv-05338-RJB

12

                Plaintiff,

ORDER DENYING MOTION TO
CERTIFY

     v.

13

SERVE ALL, HELP ALL, INC.,

14

               Defendant.

15

16         This matter comes before the Court on the *pro se* Plaintiff's Motion to Certify Dkt. 136.

17  Dkt. 141.  The Court has considered the pleadings filed regarding the motion and the remaining

18  file.

19         On February 13, 2023, the Order on Cross Motions for Summary Judgment and Motions

20  to Strike (Dkt. 136) was issued.  In part, this order granted the Plaintiff's motion for summary

21  judgment on the Defendant's counterclaim for fraud by omission (Dkt. 111) and denied the

22  Plaintiff's motion for summary judgment on the Defendants' remaining counterclaims (Dkt.

23

24

ORDER DENYING MOTION TO CERTIFY - 1

1    111).  Dkt. 136.  On February 15, 2023, the Plaintiff's motion for reconsideration of that order

2    (Dkt. 138) was denied.  Dkt. 140.

3          The next day, February 16, 2023, the Plaintiff filed the instant "Motion to Certify Dkt.

4    136," in which he moves the Court to certify the February 13, 2023, order to the Ninth Circuit

5    Court of Appeals for an interlocutory appeal.  Dkt. 141.  The Plaintiff argues that the Ninth

6    Circuit Court of Appeals should be given an early opportunity to review the Court's decision to

7    deny his motion for summary judgment on the Defendant's counterclaims for fraud and

8    misrepresentation.  *Id.*

9          Pursuant to 28 U.S.C. § 1292(b), certification for an interlocutory appeal is warranted:

10         When a district judge . . . shall be of the opinion that such order involves a
           controlling question of law as to which there is substantial ground for difference

11         of opinion and that an immediate appeal from the order may materially advance
           the ultimate termination of the litigation[.]

12   "The legislative history of § 1292 suggests that it ought to be used 'only in exceptional

13   situations in which allowing an interlocutory appeal would avoid protracted and

14   expensive litigation.'" *United States v. Hoyte*, 2012 WL 1898926 (W.D. Wash. May 24,

15   2012) (*citing In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

16         The Plaintiff's motion (Dkt. 141) should be denied.  He has not shown that the

17   order involved a "controlling question of law as to which there is substantial ground for

18   difference of opinion."  Further, the Plaintiff has not demonstrated that an immediate

19   appeal would "materially advance the ultimate termination of the litigation."  Resolution

20   of one or two of the counterclaims on appeal would not eliminate the need for a trial on

21   the Plaintiff's remaining claims.  This is not a case in which allowing the interlocutory

22   appeal would "avoid protracted and expensive litigation."  The Plaintiff's Motion to

23   Certify Dkt. 136 (Dkt. 141) should be denied.

24

ORDER DENYING MOTION TO CERTIFY - 2

1    **IT IS SO ORDERED**.

2       The Clerk is directed to send uncertified copies of this Order to all counsel of

3  record and to any party appearing pro se at said party's last known address.

4       Dated this 6th day of March, 2023.

5

6

ROBERT J. BRYAN
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION TO CERTIFY - 3